No. 1715.—J. A. HAGGERTY, for the use, etc., v. J. A. PHILLIPS, et als.

All the parties to the suit must be made parties in an action to annul the judgment.

APPEAL from the Third District Court of New Orleans. *Emerson, J.* D. C. *Labatt* and *Alexander Walker*, for plaintiff and appellant. C. *Roselius & Alfred Phillips*, and *W. H. Hunt*, for defendants and appellees.

HOWELL, J. This suit is brought against certain parties alleged to be purchasers of nineteen lots of ground in New Orleans, sold under executory process in the suit of R. M. Denman v. J. A. Haggerty, No. 18,500, on the docket of the Third District Court of New Orleans, at which sale the said lots were adjudicated to Denman, the plaintiff in said suit, and by him subsequently sold to the defendants herein. The plaintiff, Haggerty, alleges that all the proceedings in said suit are absolutely null and void for various reasons set out in his petition, and, without making Denman a party to this suit, asks that the said proceedings and adjudication be declared null, and he recognized as the

lawful owner of the said lots, and quieted in the possession thereof. The defendants excepted, that plaintiff cannot maintain this action against them, because it is one to annul the proceedings and judgment in a suit to which they were not parties, and the parties to which are not made parties to this.

The exceptions were maintained and the plaintiff has appealed.

Articles 604–613, C. P., limit the action of nullity to the parties to the judgment and the court that rendered it. Clark *v.* Christine, 12 L. 394; Twichel *v.* Bordelon, 9 R. 191. But plaintiff's counsel contend that this is really a petitory action, and that the nullity is merely an incident, and being absolute, may be collaterally declared. It is true that the proceedings assailed are alleged in the petition to be absolutely null; but when the grounds of their nullity are set forth, they are found to be relative. He alleges that the Third District Court of New Orleans was ousted of jurisdiction of the matter by certain military orders then in force, but does not describe them; that he was a loyal citizen and entitled to the benefit of said orders; that he had not, as alleged, permanently left the State; and the appointment of a curator *ad hoc* was illegal; that if he had been absent, an attorney for the absent defendant, and not a curator *ad hoc* should have been appointed; that the allegation of his absence should have been proven by authentic evidence; that the curator *ad hoc* failed to perform his duties and exceeded his authority; that the property was sold at an inopportune time and for one-third of its value; that no legal notices were given to petitioner or any one legally authorized to represent him, and that said Denman without pursuing strictly the legal formalities has caused the sheriff illegally to adjudicate the said property to him, and that he and his vendees, the defendants herein, are possessors in bad faith, and are bound by the defects in their pretended titles.

It seems clear that in such an action, the parties to the proceedings sought to be avoided, are necessary parties.

It is therefore ordered that the judgment appealed from be affirmed with costs.