REBECCA YORK ET AL. V. AMANDA CARTWRIGHT ET AL.

1. NECESSARY PARTIES.—In an action of trespass to try title, where the petition shows that the title of the plaintiff is dependent upon the right to annul and vacate a judgment, the parties to such judgment are necessary, and if not made parties, the cause should be dismissed on demurrer.

2. Where the leading object of a suit is to annul or vacate a judgment, the parties to the original suit or their privies are necessary parties.

APPEAL from Henderson. Tried below before the Hon. A. J. Fowler.

This was an action of trespass to try title, brought by Rebecca York, Robert A. York, Milton G. York, and Mary York, against Amanda Cartwright, Americus Cartwright, Leonidas Cartwright, Matthew Cartwright, Anna Roberts, formerly Anna Cartwright, and her husband, Ben. Roberts, Mary Ingram, formerly Mary Cartwright, and her husband, James Ingram, for a league and labor of land in Henderson county, patented to Aaron York, August 7, 1850. The defendants, Anna Roberts and her husband, claimed the land and excepted to the petition, demurring for want of parties, plead limitation and not guilty.

The demurrer was sustained and the cause dismissed. The allegations in the petition are as follows:

"That a patent issued to Aaron York 7th August, 1850, on a certificate granted to York as a citizen of the republic; that at the time of the issuance of the certificate he was the head of a family; had a wife, Ruth York, by whom he had two children, Milton and Robert York, part of the plaintiffs in this case; that his wife, Ruth, died in 1849, and before any disposition had been made of the land; that he married again to Rebecca York, by whom he had a child, Mary, the other plaintiffs; that said Aaron York died in San Augustine county in 1855, never having sold or otherwise disposed of the said land, the same being community property; that the one-half of said land, being the portion to which said Ruth York was entitled, descended to the said Milton and Robert, her children, on the death of their mother, Ruth, and the other half, the said Aaron York's part, on his death, descended to the said Rebecca and Mary, together with said Robert and Milton. No administration was had on the estate of either the said Aaron or Ruth York. That said Aaron York had a permanent, fixed, and notorious residence in the county of San Augustine from 1835 to the time of his death, and never lived out of that county, and never was a non-resi-

dent of that county after 1835, and that he was neighbor° to the said Henry W. Sublett and the defendants; that the defendants combined and confederated to defraud, cheat, and swindle the said Aaron York by commencing a suit in Henderson county, by publication in the name of Henry W. Sublett, who made an affidavit of the non-residence of the said York; that that was done with the fraudulent intent to give the court of Henderson county jurisdiction of the case ; that the county of San Augustine, and that county *only*, had jurisdiction; that no statement of facts was filed with the papers of the case, as the law requires; that after the commencement of the said suit by publication, and before the judgment was rendered, the said Aaron York died; and that, notwithstanding his death, the said defendants proceeded to take judgment 5th May, 1856, and without any notice the said defendants moved the court to reform the said judgment, and did so, bringing in a new party at the November term, 1856, and by a decree of the court divided the said land between the pretended plaintiffs, Henry W. Sublett and the defendants, except said York.

*T. J. Word*, for appellants.

The plaintiffs ought to have been permitted to amend. (Teas *v.* McDonald, 13 Tex., 349, 354.)

The general demurrer admits the facts, and it was error to sustain the demurrer. (Williams *v.* Warnell, 28 Tex., 610, 612.)

A judgment rendered by a court having no jurisdiction is a nullity. (Withers *v.* Patterson, 27 Tex. 491–493, 495–497.)

As to bringing suit by publication. (Sydnor *v.* Roberts, 13 Tex., 598, 619, 620.)

*Reagan & Greenwood*, for appellees.

This was an action of trespass to try title to one league and labor of land, instituted by the appellants in the Dis-

trict Court of Henderson county against the appellees. The appellants claim to be the surviving wife and legal heirs to Aaron York, to whom the land in controversy was patented by the State of Texas. The appellants, in their action of trespass to try title, sought to inquire into the validity of a judgment in the District Court of Henderson county, rendered at the April term, 1856, in favor of Henry W. Sublett and others *v.* Aaron York, by which judgment all the right and title of Aaron York to the land in controversy was divested and fully invested in the said Henry W. Sublett and others. The appellants sought to avoid said judgment in their said action of trespass to try title upon three distinct grounds: 1st. That at the date of said judgment Aaron York was dead; 2d. That said judgment was fraudulently procured, and therefore void; 3d. That said judgment was void because it was rendered in the District Court of Henderson county when Aaron York was then notoriously residing in San Augustine county.

The appellees excepted to the legal sufficiency of the pleadings of appellants to investigate in this action the question of the validity of said judgment after so great a lapse of time.

The district judge, after hearing the said exceptions, sustained the exceptions, and appellants failing to ask leave to amend their pleadings, the cause was dismissed at the cost of appellants, from which judgment dismissing their suit the appellants have appealed to this court; and the question here for decision is, whether the court below erred in sustaining the exceptions of appellees.

This court has repeatedly held that the death of plaintiff or defendant to a judgment at the date of judgment does not render such judgment void, but voidable only, and that the validity of such a judgment cannot be inquired into in a collateral proceeding. (Weaver *v.* Shaw, 5 Tex., 286; Mills *v.* Alexander, 21 Tex., 154; Thouvenin *v.* Rodrigues, 24 Tex., 468.)

The next question is, does fraud render a judgment void when the judgment upon its face seems to be regular and right in all respects. We maintain that it does not. That such a judgment is voidable only, and that the validity of such a judgment can be inquired into only in a direct proceeding instituted for that purpose in the court in which the judgment was rendered, making the parties to the original judgment parties to such proceeding, and that such proceeding must be instituted within a reasonable time, and that such judgment cannot be attacked in a collateral proceeding by the parties to such judgment, or those claiming under the parties to such judgment. That creditors may attack such a judgment in a collateral proceeding, we do not doubt. (Weathered v. Mays, 4 Tex., 389; Chambers v. Hodges, 3 Tex., 528–532; Kitchen v. Crawford, 13 Tex., 522; Chambers v. Hodges, 23 Tex., 110; Bowers v. Chaney, 21 Tex., 367, 368, 369; 5 Wall., 298.) We submit that the above authorities abundantly support the position we have assumed. We admit that the courts have frequently, in discussing the subject of fraud, used the word void when they meant to use the word voidable, and those upon whom the grave responsibility of making the laws has devolved have too often used the word void when they meant to use the word voidable. The most notable instance of this kind to which we can now call the attention of the court, is our statute upon the subject of frauds and fraudulent conveyances. (Pas. Dig., art. 3876.)

We would call the especial attention of this court to the fact that appellants in their pleadings did not make Henry W. Sublett or other parties to said judgment parties defendant to their said suit. We submit that, 1st, the question of death of Aaron York at date of judgment; 2d, that question of fraud in procuring said judgment; and 3d, that the question as to whether the District Court of Henderson county had jurisdiction on account of notorious

residence of Aaron York in San Augustine county, cannot be inquired into without making parties to judgment parties to the direct proceeding instituted for that purpose. As to the force and conclusiveness of a judgment of a court of general jurisdiction, see Weathered *v.* Mays, 4 Tex., 389. We submit, that although Aaron York may have resided in San Augustine, yet he may have agreed to perform an obligation in Henderson county. (See Pas. Dig., art. 1423, 4th subdivision.) May not the service by publication have been legitimate and right? May not the predicament of fact have existed to authorize service by publication? (Kitchen *v.* Crawford, 13 Tex., 520.) But, then, if such predicament of fact did not exist as to authorize publication by service, then such service was merely irregular, and did not render the judgment void, but only voidable, and this irregularity could only be inquired into by writ of error or original proceeding within the proper time.

MOORE, ASSOCIATE JUSTICE.—The court did not err in sustaining appellees' exception to appellants' petition. The object and purpose for which the suit was brought was to review, set aside, and have declared null and void the judgment referred to and described in appellants' petition, for the various grounds therein particularly set forth.

The appellees were not parties to the suit now sought to be impeached, nor have the parties to it been made parties to this suit. Nor has any reason been given why this is not done. If the judgment brought in question is, in fact, an absolute nullity, as appellants allege, or they have the better title to all or any part of the land described in their petition than the parties holding and claiming under said judgment, unquestionably they can maintain an action of trespass to try title against the parties in possession, and all persons asserting title under said judgment, without making the plaintiff in the former suit parties to said ac-

tion. But when the leading object and purpose of the suit is to vacate and annul a judgment of the court, as plainly appears from the petition to be the fact in this instance, the parties to the original suit or their privies are necessary parties to it. A judgment is a vested right in the parties by whom it is recovered. If it is sought to review, correct, cancel, or annul it, either in the court in which it is pronounced or in an appellate tribunal, the parties to it or their privies must be given the opportunity of being heard before it can be done. If not, and such proceeding was of force, the parties interested in the judgment would be deprived of the right invested in them thereby without having their day in court.

The petition being fatally defective for want of proper parties, it is unnecessary to consider the other exceptions which were taken to it.

The judgment is affirmed.

AFFIRMED.