## SUPREME COURT.

AUGUSTA WEIDERSUM *et al.* agt. HENRY NAUMANN *et al.*

*Partition — Action to set aside judgment for fraud or collusion — What proof necessary — Purchaser who takes title under judgment of court, that is without jurisdiction to grant it, acquires no title — The remedy of a party having title is by ejectment — Purchasers not responsible for acts of parties in the judgment of which they had no notice — New trial — Where infants have been injuriously affected by misconduct of the attorneys, &c. — Power of court to grant.*

A purchaser of property who takes title under a decree or judgment of a court that was without jurisdiction to grant it, acquires no title, and any party having a valid title, but out of possession, may bring ejectment. Purchasers of property under a decree or judgment of the court are not responsible for the acts of the parties in that judgment, of which they had no notice.

Before a decree or judgment of a court can be set aside, the parties interested must have an opportunity to be heard, and therefore must be made parties to the action in which the decree or judgment is sought to be set aside. To justify any interference with the judgment of a court, the testimony as to fraud or collusion must be very clear and strong ; there must be clear and conclusive evidence of fraud.

Where infants have been injuriously affected by the misconduct of the attorneys in the action, either by surprise or if any newly discovered evidence can be secured, the court in which the action was brought has power to grant a new trial.

*Equity Term, June,* 1881.

THE complaint alleged that one Adam Muller was seized in fee simple of certain premises in the city of New York; that he died leaving a will wherein he devised to his children and heirs in common, among other property, the premises described in the complaint, subject to the interest of his widow to the share of rents and income as provided by said will. That an action was commenced in this court by Thomas H. Young, the husband of one of the testator's children, to recover his right of courtesy in said property; that the com-

plaint in said action was dismissed on the trial with costs; that an appeal was taken to the general term of this court, where said judgment of dismissal was reversed; that said action was revived in favor of the children of another daughter of the testator, who died pending the appeal; that the action was on the calendar for trial after being revived, but was not tried; that while said appeal was pending other actions were pending in the superior court, brought by the said Young and Charles Struppman, Sr., as administrators, to recover the personalty of their deceased wives' share of the estate left them in their father's will; also an action brought by two of the infant children of Adam Muller, deceased, for partition or sale of the property. That the said Young and his attorneys, the attorneys of the two infant Muller children and the attorneys for other defendants in that action entered into a conspiracy to cheat and defraud the plaintiffs out of their property and estate, caused the suit in the supreme court to be marked " off the calendar by consent," and with the same unlawful intent and in furtherance of said conspiracy did falsely and fraudulently obtain an order consolidating the supreme court action with the superior court actions from one of the justices of the superior court; that all of said actions so consolidated into one were afterwards tried as one action in the superior court and a judgment therein rendered, wherein all the real estate of the plaintiff was adjudged to be sold. That said statements and representations were false and untrue; that in the supreme court action one Daniel T. Robertson was the attorney of record for some of the infant defendants, and that he never was consulted, nor did he consent that the supreme court suit should be marked " off the term," nor was he present when the order of consolidation was obtained, nor did he have any knowledge, direct or indirect, of the acts and doings of the other attorneys until long afterwards, and that therefore his infant clients did not have their day in court and they were deprived of their rights of defending the claim of said Young which was wholly ground-

less. That under the judgment so fraudulently procured a sale of the premises mentioned in the complaint was had, and upon such sale the defendant Henry Naumann became the purchaser thereof, with notice of these facts, and that afterwards part of said property was conveyed by the said Henry Naumann to some of the other defendants in this action. The complaint therefore prayed for judgment, that the judgment be set aside on the ground that it was procured by fraud, deceit and malpractice, and that all transfers made by the defendant Henry Naumann, by reason of his alleged ownership of the property, be declared vacated, canceled, annulled and of no effect against the plaintiffs.

The other allegations in the complaint are found in the points of counsel for plaintiff.

The attorneys and counsel referred to in the complaint, against whom fraud and conspiracy was charged, are George F. and J. C. Julius Langbein, Louis·H. Ronan, Charles Wehle, Henry Wehle, Charles Goldzier, Henry Feuhrer and James W. Hawes.

After the plaintiffs had rested. a motion was made to dismiss the complaint.

*George N. Saunders* (Kaufmann & Saunders), of counsel for defendant Naumann, in moving to dismiss the complaint made and argued the following points :

I. Plaintiff's remedy (if any) is by ejectment. The complaint seeks to set aside a judgment of partition and sale by the superior court under which defendants acquired their interests in the property in question, upon the ground that the court never acquired any jurisdiction over the parties or of the subject-matter of the action. As to the parties because some of them were infant devisees of the premises in question, and as to the subject-matter because the will provided that the partition should not be made until the youngest child arrived at the age of twenty-one years, which event had not yet happened. These reasons, if sound, are fatal to plain-

tiff's claim for equitable relief; for, if the judgment is abso-
lutely void upon its face, then it is not even a cloud on plain-
tiff's title to the premises in question.   But whether a cloud or
not, plaintiffs being out of possession must be remitted to
their remedy to recover possession by the common-law action
of ejectment (*Phelps* agt. *Harris*, 101  *U. S. Sup. Ct. Rep.*
[11 *Otto*], 370, 375; *Marsh* agt. *City of Brooklyn*, 59 *N. Y.*,
280, 283).   The rule upon which the courts interfere to
remove a cloud upon title is this: "When the claim or
lien purports to affect real estate, and it appears on its face to
be valid, or when the defect in it can be made to appear only
by extrinsic evidence which will not necessarily appear in pro-
ceedings by the claimant thereof to enforce the lien, there is
a case presented for invoking the aid of a court of equity to
remove the lien which is a 'cloud upon the title'" (*Bosworth*
agt. *Vanderwalker*, 53 *N. Y.*, 599; *Krekeler* agt. *Ritter*, 62
*N. Y.*, 372, 375; *Stillwell* agt. *Carpenter*, 59 *N. Y.*, 414,
423; *Phelps* agt. *Harris, supra ; Orton* agt. *Smith*, 18 *How.*,
263; *Ward* agt. *Chamberlain*, 2 *Black.*, 430; *West* agt.
*Snebly*, 54 *Ill.*, 533; *Huntington* agt. *Allen*, 44 *Miss.*, 654;
*Stark* agt. *Starrs*, 6 *Wall.*, 402 ; *Overing* agt. *Foote*, 43 *N. Y.*,
290 ; *Meloy* agt. *Dougherty*, 6 *Miss.*, 269).

II. The superior court had jurisdiction and plaintiffs have
no cause of action.   Plaintiff's claim of non-jurisdiction as to
parties is based upon the following allegations of the complaint :
1st. The petition upon which the order of the court was made
appointing a guardian *ad litem* of the infant plaintiffs did not
set forth or contain the facts required by law.   2d. The pro-
ceedings were had by reference or otherwise to ascertain the
truth of the facts set forth in the petition as to the necessity
for a partition, as required by law.   3d. No bonds have been
given as required by law.   There are three complete answers
to this — 1st. The allegation is fatally defective in not stating
" what facts required by law," if any, were omitted ; and the
law does not prescribe any reference as alleged.   2d. No peti-
tion was required, because plaintiff Struppman was an adult

and competent to maintain the action of partition under the Revised Statutes as amended by the Code (2 *R. S.* [*Edmond's ed.*], 326; *extended to superior court by section* 33 *of the Code; see, also, section* 117 *of the old Code*). No reference necessary (*Laws of* 1852, *chap.* 277, *sec.* 2, *p.* 411). 3d. It is not necessary that guardians *ad litem* for infants should give bonds (*Crogan* agt. *Livingston*, 17 *N. Y.*, 218; *Rogers* agt. *McLean*, 34 *N. Y.*, 536; *Brainerd* agt. *Heydrick*, 32 *How.*, 97).

III. If the superior court had jurisdiction over the parties and of the subject-matter of the action, then an erroneous adjudication was only error of law, and, as such, reviewable only by appeal. If the infant be brought within the jurisdiction of the court, the partition is as effectual against him as against an adult, and cannot be avoided for irregularities or errors in the subsequent proceedings (*Freeman & Co., Tenancy and Partition, section* 467, *p.* 574; *Blakely* agt. *Calder*, 15 *N. Y.*, 617). The plaintiffs' time to appeal from the superior court judgment has long since expired, and even if it had not then, remedy, if any, is by motion in the superior court, not by bill in this court.

IV. Plaintiff is estopped by retaining the proceeds of the sale without tendering the same back to the purchaser. It is an invariable maxim in law that he who asks equity must do equity; and an equally fixed rule that no one can avoid an executed contract without first surrendering, or offering to surrender, the proceeds obtained. The judgment-contract and the contract of sale under it have been completely executed; the plaintiffs hold, and have not offered to return, the proceeds. This failure of plaintiffs to tender a return of the moneys received by them is an absolute bar to this action (*People's Bank* agt. *National Bank* [101 *U. S. Supreme Court*], 11 *Otto*, 81; *Wharton on Agency*, 89; *Bigelow on Estoppel*, 423; *Railroad Co.* agt. *Howard*, 7 *Wall.*, 397; *Kelsey* agt. *National Bank of Crawford Co.*, 69 *Penn.*, 425; *Steamboat Co.* agt. *McCutcheon*, 13 *Penn.*, 13).

*Charles Strauss, Daniel T. Robertson* and *Edgar A. Hutch-ings,* for plaintiffs.

*Ex-Recorder Smith,* of counsel for plaintiffs, contended that the plaintiffs had made out a clear case of fraud and collusion among the attorneys, and that the superior court judgment should be vacated and set aside.

BARRETT, *J.* — So far as the suit is based upon the want of jurisdiction in the superior court, I have never had any doubt from the commencement that it was not well founded. If the averments of the complaint on that head be true, then these purchasers have taken no title and these infants have not been injured. It would only be necessary for the infants to bring ejectment. The case has been heard through on the theory that there was fraud in fact outside of the record and that the infants were injuriously affected by that fraud. So far as I can glean from the testimony and the arguments of counsel the finger has been put upon but two specific acts of alleged fraud. The first is the conduct of certain parties with respect to Young's tenancies by the courtesy, and the second is with regard to the allowances. All else is innuendo. There is no suggestion that the infants have been otherwise deprived of any of their just rights by this litigation in the superior court. I speak now in a general way.

Certainly the property has been divided according to law. No infant has been given a quarter when he was entitled to a third; no person has been given a fifth when he should have had one-half. The distribution was right and correct. No matter what the court did, it was done in accordance with law and in accordance with the will. Now then, as to Young's tenancy by the courtesy, it is charged in substance that if that claim had been properly and loyally resisted Young would have failed and that the others would consequently have correspondingly benefited. But the first answer to that is, Young is not a party here. Again, these purchasers had nothing to

do with the conduct of the suit, nor with the Young incident. They purchased the property and paid their money upon the faith of the decree of the superior court. If, in the distribution of that money, some persons are to receive less and others more because of some matter *de hors*, the record of which the purchasers had no notice, surely such purchasers are not responsible.

But are we to set aside even that part of the decree which gave Young his tenancy by the courtesy without hearing him?

There is no one before the court except the purchasers under the decree. It seems as though all the parties to that decree, with the exception of Mr. Langbein, had got together and brought this suit against the purchasers, charging upon their attorneys collusion to bring about an inequitable distribution of the proceeds of the sale. And strangely enough they left out the person (Young) who is most seriously interested. Surely the bare statement of that fact shows that this suit is untenable.

Apart from that, even if Young were a party to the suit, I should be sorry to say there was fraud. There is just that one suspicious circumstance that the suit in the superior court proceeded without Robertson. That may be a disagreeable fact possibly, however susceptible of explanation, but it is not sufficient of itself to justify the court in setting aside this solemn and most elaborate judgment.

Then there is really a great deal to be said upon the other side. This for instance, that even if the supreme suit had not been consolidated, even if it remained to-day in full validity ready to be proceeded with, yet the same as to Young's tenancy by the courtesy could have been properly determined by the superior court. It is true it could have been determined here first if the parties had chosen to proceed to the trial independently in this forum, but I should be sorry to say that their preference for a single trial of all the issues in the superior court, including this of Young's, was conclusive evidence of fraud.

The guardian *ad litem* for the plaintiff infants in the superior court was the guardian *ad litem* here, and whether there was a consolidation or not the issue as to Young's tenancy was properly tried in that court. When we consider, too, that all the testimony which had been taken here before Mr. justice VAN BRUNT was read before Mr. justice SPEIR, together with such further testimony as we find in the record, it would require most conclusive evidence to justify such a finding against reputable counsel as that they purposely kept testimony back with the view to enable Young unjustly to acquire the tenancy by the courtesy. I am free to say that the evidence upon this present trial falls far short in that respect, and that nothing that has been adduced so far has carried the conviction of fraud to my mind. Some doctors, it is true, have come here and said it was highly improbable that a child should have been born alive under those circumstances, but they do not say it was impossible, and this young woman who testified before in such a way as doubtless to impress the court with the idea that the child was born alive, comes here to-day with another story and says she was present at the birth and that the child was born dead. Her entire testimony to-day is inconsistent with that previously given. Nor is there a particle of evidence that the testimony she gave to-day was within the knowledge of any of the attorneys, even of Mr. Robertson, upon either of the trials before justices VAN BRUNT and SPEIR, nor that anything more could have been elicited from her than was elicited. To justify any interference with the judgment of the superior court, the evidence would have to be very clear, not only that this child was born dead, but that the parties knew it was born dead, and yet collusively and fraudulently arranged by the suppression of evidence or otherwise, to have it decided that it was born alive in order to give Young an improper advantage.

The evidence would have to be very conclusive that as a part of this scheme Robertson was left out. I should find it utterly impossible on this evidence to find these facts or to

Weidersum *et al.* agt. Naumann *et al.*

find as an affirmative fact that there was any intention through legal forms to permit Young to obtain an estate to which he was not entitled. So far as the question of Young's right was legally decided, that is, decided jurisdictionally, of course we are not here to review it. We could only act upon clear and conclusive evidence that there was a fraudulent suppression of evidence, which, if produced, would have led to a different result. That case, as I have already said, has not been made out. On the contrary, I am glad to say that, upon the whole, it is my judgment that there was no such fraud. So that whether we look at it in the aspect of Young not being a party to this suit, consequently having no hearing before the court at all, or on the evidence as it stands, assuming him to be before the court, I see no escape from the conclusion that this complaint should be dismissed. And further, is there not ample remedy in the superior court? If these infants have been injuriously affected by the misconduct of the attorneys, if there has been surprise, if newly discovered evidence has been secured, can they not apply to the superior court for a new trial? Is it for us to set aside the entire decree; that which was clearly right as well as that which might be possibly wrong? The superior court can modify its decree, granting a new trial as to Young, and leaving the rest intact, or that court can set the entire decree aside, if of the opinion that such decree was obtained by any misconduct of which it ought to take cognizance. It is apparent that the entire case has never been presented to the superior court, even on a motion. There has been no proper motion to set the decree aside; no motion for a new trial on the ground of newly discovered evidence. All these remedies may yet be invoked on a proper case in the superior court. If that court denies such a motion, that should be the end of it.

Independent of what I have stated of Young not being a party, of the absence of fraud, in fact of the remedy in the other court, there is the additional fact that his suit is against

Weidersum *et al.* agt. Naumann *et al.*

innocent purchasers alone. Is the decree to be set aside *as to them* because of a single vicious incident in the proceedings *de hors* the record, and of which they had no notice? Clearly not. The other point is worthy of but little consideration. If this bill was filed on that alone, it would be one of the most frivolous ever filed in a court of justice. The idea that a solemn judgment of a court of competent jurisdiction is to be set aside on account of some irregularity or even impropriety in a minor detail touching a question of costs and allowances, is simply preposterous. And that is really all there is of the case. I am not preparad to find that that decree was obtained by fraud in fact. On the other hand, on the merits **on** this evidence, I shall be compelled to find the opposite.

I am satisfied this case can proceed no further, and must be dismissed on the merits, with costs.

NOTE.— Another action was brought about the same time in the supreme court, wherein Louis C. Muller, an infant, by Leroy B. Crane, his guardian *ad litem*, was plaintiff, and Auguste Wiedersum, Thomas H. Young and others were defendants. The complaint in this action alleged substantially the same facts as to the fraud and collusion between the attorneys as was alleged in the action tried before Mr. justice BARRETT and dismissed by him. In this complaint the following relief was asked:

*First.* That the judgment of the superior court, so far as it relates to or concerns the alleged interest of the defendant Young or those claiming under or in succession to him, be vacated and set aside upon the following grounds:

1. That upon its face it appears, as to the claims of said Young, to have been unjustly and improvidently made.

2. That the same was procured by fraud and imposition on the court.

3. That the court had no jurisdiction of the subject-matter or of the parties.

4. That the superior court had no power to consolidate an action pending in the supreme court with an action pending in the superior court.

5. That all orders and proceedings had therein based upon "consent" of the attorneys or of the adult Struppmann after his appearance and that of his children by an attorney of record, was illegal and void.

The case was tried before Mr. justice DONOHUE at the June, 1881, equity term, and after the plaintiffs had rested their case, James H. Hawes,

Weidersum *et al.* agt. Naumann *el al.*

Esq., and Messrs. George F. Langbein and J. C. Julius Langbein moved to dismiss the complaint and made and argued the following points:

I. If there are any irregularities or mistakes in the judgment the proper remedy is by motion in the court in which the judgment was obtained, or by appeal from that judgment. This court will not sit in review of the superior court judgment. If the judgment is void, then this action cannot be maintained (*Stewart* agt. *Palmer*, 14 *N. Y.*, 183; *Wells* agt. *City of Buffalo*, 80 *N. Y.*, 253).

II. Having charged indiscriminately parties and reputable attorneys with conspiracy and fraud, and having called in question the integrity of the superior court judgment after its rendition, the plaintiff, through his attorneys, has failed to prove any fraud, collusion or conspiracy. He has just been defeated in a similar case only a few days ago in this court after a patient and protracted hearing before Mr. justice BARRETT, where that justice allowed almost incredible latitude of proof.

III. The complaint should be dismissed with costs on the authority of *Smith* agt. *Wilson* (62 *N. Y.*, 286).

*Charles Strauss, Daniel T. Robertson* and *Edgar A. Hutchings,* for plaintiffs in opposition, contended that a case had been made out on the evidence and proofs.

DONOHUE, *J.*— No fraud in procuring or entering the judgment complained of is shown, and I do not think that judgment can be reviewed in this action.

Judgment for defendants.

Findings were then signed and judgment entered. That in the procurement of the superior court judgment there was no fraud or imposition practiced upon the parties to that action or upon the court, and that said judgment was not fraudulent and that there were no facts or evidence produced before him to justify the allegations in the complaint or to make a cause of action out of the same. The costs and disbursements were ordered to·be paid by Leroy B. Crane, the guardian *ad litem,* personally.