## PRICE V. SANDERS ET AL.

1. PRACTICE: *Parties to suit to enforce vendor's lien.*

   Rainey sold land to Sanders, took note for the purchase-price and executed bond for title upon payment of the note, and then assigned the note to Price. Price filed his bill against the maker and indorser to enforce the vendor's lien upon the land for payment of the note. Afterwards Rainey and Sanders both died and the suit was revived only against the administrator and part of the heirs of Sanders. *Held*, that the heirs of both the vendor and vendee were necessary parties; the former to divest their title, and the latter to foreclose their equity of redemption; and upon the refusal of the plaintiff to make them parties the bill should be dismissed without prejudice.

2. VENDOR AND VENDEE: *Rights of, on sale by title bond.*

   A vendor of land by title bond, conditioned to convey upon payment of the purchase-money, is not entitled to a personal judgment against the vendee for the purchase-money, without first tendering him a deed for the land.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Judge of Circuit Court.

*Henderson & Caruth* for appellant:

1. Appellant was the assignee for value and before maturity, and the defenses asserted were not available. *Gantt's Digest, sec. 565 ; Daniel on Neg. Inst., vol. 1, sec. 1 and 2.*

2. Failure of title in Rainey is not a good defense in a court of law. *12 Ark., 699 ; 13 ib., 11 ; 18 ib., 251 ; 17 ib., 254 ; 21 ib., 126.*

3. If Rainey's heirs were necessary parties, the defendants should have brought them in, or the court should have ordered them to be made parties. *Sec. 4570-1, Gantt's Digest.* The complaint should not have been dismissed for want of necessary parties after submission on the merits. *35 Ark., 84.* But if dismissed at all it should have been *without prejudice,* and not absolutely. *Neely v. Gilbert, 35 Ark., 24.*

SMITH, J. Price sued the makers and assignor of the following promissory note, at law:

1 PRACTICE: Parties to suit to enforce vendor's lien.

"For value received two years after date we or either of us promise to pay to the order of B. D. Rainey five hundred dollars, bearing interest at ten per cent. This note is for the purchase-money of the following tract of land, towit : South half northwest quarter, north half southwest quarter, southeast quarter southwest quarter, west half southeast quarter, southwest quarter northeast quarter, all in section twelve, township seventeen, range one west, containing 320 acres, situated in Lawrence County, Arkansas. Dec. 13, 1869.

"ELIZABETH SANDERS,
"A. A. SANDERS."

Upon which was the following indorsement :

"For value received, I assign the within note to Wilson Price, March 20, 1870.

"B. D. RAINEY."

Elizabeth Sanders died, and the action was duly revived against her administrator. America A. Sanders pleaded that Rainey had executed his bond, conditioned to convey the legal title to the premises described in said note, upon payment thereof, and that no deed had been made or tendered to the vendees before the action was begun. And, furthermore, that Rainey was never seized of the last two parcels therein described, and was unable to convey them.

After a demurrer to the answer, setting up these defenses, had been overruled, plaintiff obtained leave to transfer his cause to the equity docket, and there filed a bill against the same parties, joining, also, as defendants, some, but not all, of the heirs at law of Elizabeth Sanders, deceased. He alleged that there had been a misdescription in the note and title-bond of the lands sold by Rainey, some of the tracts being in section eleven, instead of twelve; averred that the note was a lien upon the lands, and prayed for foreclosure, but did not distinctly pray for a reformation of the contract. America filed an answer, in which some of her co-defendants joined, denying that there had been any mistake in the description, and insisting that no deed had been made for any of the lands. Rainey died during the pendency of the chancery suit, and no attempt was made to revive against his representatives.

Thus, when the cause came on for hearing, there was a serious defect of parties. The court offered an opportunity to the plaintiff to bring in the necessary parties, but he declined to make any additional parties. So his bill was dismissed.

Plaintiff could not have any relief against the lands without the presence of the heirs of Rainey and of Elizabeth Sanders. Rainey's heirs were indispensable parties, because the legal title was in them, and could not be divested unless they were before the court. *Aiken v. Gill,* *23 Ark., 477.*

So were all of the heirs of Elizabeth Sanders, they being in like situation as the heirs of a deceased mortgagor. *Simms v. Richardson, 32 Ark., 297.*

Nor was the plaintiff entitled to a personal judgment against America Sanders and the administrator of Elizabeth. The failure to tender the deed before action brought, was a perfect defense, at law. And this defense was available against an assignee of the note before maturity. The note was made and assigned before the act of April 24, 1873; and, although made after the act of April 10, 1869, yet it did not contain the words "without defalcation." Hence, it was not commercial paper in such a sense as to cut off all inquiry into the consideration and circumstances under which it was executed. But the assignee took it subject to all the equities which existed between the original parties. *Gantt's Digest, sec. 565; Sorrels v. McHenry, 38 Ark., 127.*

Let the decree below, dismissing the bill absolutely, be so modified as to dismiss without prejudice to a future action by the plaintiff. But the costs here, as below, must be taxed to the appellant, as he is plainly in fault in not making the necessary parties.

