HARE *v.* FORT SMITH & WESTERN RAILROAD COMPANY.

Opinion delivered May 13, 1912.

1. JUDGMENTS—VACATION—SUFFICIENCY OF COMPLAINT.—Under Kirby's Digest, section 4431, providing for the vacation or modification of a judgment after the term "for erroneous proceedings against an infant, married woman or person of unsound mind where the condition of such person does not appear in the record nor the error in the proceedings," a complaint which alleges that a judgment in a condemnation proceeding was had against plaintiff, a person of unsound mind, and that her condition did not appear in the record nor the error complained of in the proceedings, makes out a *prima facie* showing for vacating the judgment. (Page 190.)

2. SAME—VACATION OF JUDGMENT—PARTIES.—In a proceeding to vacate a judgment all persons having an interest that may be injuriously affected by the annulment of the judgment should be made parties. (Page 190.)

3. INSANE PERSON—CONDEMNATION PROCEEDING AGAINST—VALIDITY.— It is erroneous to proceed with the trial of a condemnation suit when a person of unsound mind is a party thereto, and is not represented by a statutory guardian or a guardian *ad litem*; and such proceedings may be vacated at the instance of such party laboring under disability only on a showing that such party has a meritorious cause of action or defense. (Page 193.)

4. EMINENT DOMAIN—PARTIES.—In condemnation proceedings all persons owning an interest in the property, including tenants in common, life tenants, remaindermen, and lessees, are proper parties; and if any person having an interest in the land is omitted from the suit, the proceeding is nugatory only as to such omitted person. (Page 193.)

5. JUDGMENT—PROCEEDING TO VACATE—PARTIES.—Where several parties defendant to a condemnation proceeding claim rights in the property adverse to each other, they become adversary parties, and all of them should be made parties to a proceeding by one of them to annul or vacate the judgment therein. (Page 194.)

6. SAME—PROCEEDING TO VACATE—PARTIES.—Where a railroad company brought a condemnation proceeding against several defendants, and an award was made and paid to one of them, a proceeding by another of such defendants to annul or vacate the judgment upon the statutory grounds should make the party to whom the award was paid a party defendant. (Page 194.)

7. DISMISSAL OF ACTION—FORM.—Dismissal of an action for want of necessary parties defendant should be without prejudice to a future action or suit by the plaintiff. (Page 196.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed with modification.

*Winchester & Martin,* for appellant.

The judgment should have been vacated as to Ellà Hare, an imbecile. The other parties named as defendants in the condemnation proceedings were necessary parties. Kirby's Dig., § 4431; 49 Ark. 100, 103, 41 *Id.* 88; 58 *Id.* 484.

*C. E. & H. P. Warner,* for appellee.

Appellant did not show facts to entitle him to a vacation of the former judgment, and (2), the necessary parties were not brought before the court. Kirby's Dig., § § 4431, subd. 5, 4433; 83 Ark. 17, 90 *Id.* 44; Kirby's Dig., § § 6006, 6011; 49 Ark. 100; 74 *Id.* 43; 65 Am. St. 465; 62 How. Pr. 369; 26 La. Ann. 15; 45 Ind. 493; 6 *Id.* 434; 16 How. Pr. 325; 42 Tex. 136; 58 Ga. 403; 37 Ky. 165; 21 La. Ann. 729; 15 Enc. Pl. & Pr. 257.

FRAUENTHAL, J. This is an action brought by the guardian of Ella Hare, a person of unsound mind, seeking to vacate a judgment rendered in a suit brought by the Fort Smith & Western Railroad Company, condemning for its use for railroad purposes certain land in Sebastian County alleged to be owned by her. This proceeding was brought in the court rendering said judgment, in pursuance of subdivision 5 of section 4431, Kirby's Digest. A complaint was filed herein, in accordance with section 4433 of Kirby's Digest by said guardian of Ella Hare as plaintiff, and against said Fort Smith & Western Railroad Company as the sole defendant. The complaint makes allegations substantially as follows:

In 1901 said defendant railroad company instituted proceedings in said court to condemn for its use for railroad purposes said land. In the condemnation proceedings a number of persons were made defendants, amongst whom were said Ella Hare and one Matt Gray as administrator of the estate of Mary A. Hare, deceased, all of whom were duly and legally served with process. None of the defendants therein made answer or other pleading except said Matt Gray as said administrator, who filed an answer in which he alleged that said land was owned by the estate of said Mary A. Hare. A jury was thereupon impanelled to assess the amount of damages by reason of the appropriation of said land. They returned a verdict for $3,000 in favor of the defendants in the condemna-

tion proceedings, and this award was paid to the administrator of the estate of Mary A. Hare.

Ella Hare, who is now over forty years old, has been a person of unsound mind ever since her infancy, and on October 26, 1894, she was adjudged to be of unsound mind by the probate court of said county. In said condemnation proceedings no mention was made of the fact that she was a person of unsound mind; no statutory guardian appeared for her, and no guardian *ad litem* was appointed to defend for her. No error appears in the pleadings, record or trial of said condemnation proceedings. It is not alleged that the Fort Smith & Western Railroad Company did not have the right to condemn the land, nor that the amount awarded by the jury as damages for the taking thereof is inadequate or unjust. It is alleged that Ella Hare was the sole owner of said land, and it is only claimed that the entire sum so awarded was paid to the said Matt Gray as administrator of the estate of Mary A. Hare, her mother, when it should have been paid only to the said Ella Hare, the true owner. In the complaint the plaintiff asks that the judgment rendered in said condemnation proceedings be vacated as to Ella Hare, and that, as her guardian, he have judgment against said railroad company for the sum of $3,000, the value of the land, with interest from the time the same was taken. In the copy of the judgment exhibited with the complaint, it appears that the court did order and adjudge "that the plaintiff take, have and hold possession of said property above described, for its own use and that of its assigns and successors, for the purposes aforesaid forever. And it is also adjudged that defendants have and recover of plaintiff the sum of $3,000 and costs. And it is ordered that the sum of $............... deposited in court, be paid over to defendants, or to such one or more of them as shall establish his or their right to receive the same."

To this complaint the defendant interposed a demurrer, upon the ground that it did not state facts sufficient to constitute a cause of action, and also because there was a defect of parties. The court sustained the demurrer upon the ground, as it is stated in argument, that there was a defect of parties; and, the plaintiff electing to stand upon the complaint, a judgment was rendered dismissing it.

The sole question for determination upon this appeal is. this: Are the parties named as defendants in the condemnation proceeding instituted by the railroad company, resulting in a judgment, necessary parties to this action seeking to vacate that judgment? The complaint seeks to vacate as to Ella Hare a judgment rendered at a former term of the court in said condemnation proceeding, which was instituted against a number of persons as defendants, amongst whom was Ella Hare. This action is taken under the fifth subdivision of section 4431, Kirby's Digest, which provides: "The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order for erroneous proceedings against an infant, married woman or person of unsound mind where the condition of such person does not appear in the record nor the error in the proceedings."

From the allegations of the complaint, it appears that Ella Hare was, at the time of the institution of said condemnation proceedings and the trial thereof, a person of unsound mind, and her condition does not appear in the record, nor the error in the proceeding. Accordingly, these allegations are sufficient to make out a *prima facie* showing for vacating said judgment. *Richardson* v. *Matthews*, 58 Ark. 484; *Jones* v. *Pond & Decker Mfg. Co.*, 79 Ark. 194; *Knights of Maccabees* v. *Gordon*, 83 Ark. 17.

But the existence of the truth of the allegations that Ella Hare was adjudged to be of unsound mind and was laboring under that disability at the time of the institution of said condemnation proceeding, and also of her cause of action and right to have and recover the award of damages assessed for the property condemned, could be denied by any party to said judgment who is now interested in the subject-matter of this action; and when so denied it would devolve upon the plaintiff in this proceeding to sustain by evidence her complaint in this respect.

By section 4434 of Kirby's Digest, it is provided that a "judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action." It fol-

lows that a former judgment can not be set aside simply upon the motion or complaint, if the allegations therein are denied by answer; and therefore all persons interested in the subject-matter of the action should be made parties to the proceeding to vacate such judgment, in order that they may have the opportunity to make such answer and defense thereto. For this reason, every person having an interest that may be injuriously affected by the annulment of the judgment should be a party to the action or proceeding seeking to vacate it. Ordinarily all the parties to the original suit will be affected by the annulment of the judgment rendered therein, and therefore, as a general rule, it has been universally held that "in an action to annul the judgment all the parties to the proceeding sought to be avoided are necessary parties." 15 Enc. Pl. & Pr. 257; 1 Black on Judgments, § 346; 23 Cyc. 951; *Sloan* v. *Whiteman,* 6 Ind. 434; *Douglay* v. *Davis,* 45 Ind. 493; *Day* v. *Goodwin,* 104 Ia. 374; 65 Am. St. Rep. 465; *Haggerty* v. *Phillips,* 21 La. Ann. 729; *Weidersum* v. *Naumann,* 62 How. Pr. 369; *York* v. *Cartwright,* 42 Tex. 136.

The reason for this rule is that ordinarily the parties to the former suit are interested, not only in the subject-matter of such suit, but also in the action seeking to vacate the former judgment, and will be materially affected by the annulment thereof. The question as to whether or not all the parties to the suit in which the former judgment was rendered are necessary parties to the action or proceeding seeking to vacate such judgment is determined by the same principles applicable to actions generally. By section 6006 of Kirby's Digest, it is provided that "any person may be made a defendant who has or claims an interest in the controversy adversely to the plaintiff, or who is a necessary party to a complete determination and settlement of the question involved in the action;" and by section 6011 of Kirby's Digest it is provided that "the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before the court can not be made without the presence of other parties, the court must order them brought in."

These provisions furnish a criterion for determining

when a court will require persons to be made parties to an action before it. If the parties before the court are the only persons who have an interest in the controversy that is actually involved in the action or proceeding then pending before it, or if a final judgment can be made without affecting the rights of others in the matter actually in controversy, then other persons are not necessary parties to such suit; otherwise, such persons should be made parties to the proceeding then pending before the court.

If a judgment is voidable, the party seeking its annulment may proceed to vacate it by a complaint filed in the court rendering the judgment, under sections 4431 *et seq.* of Kirby's Digest. But in such event "summons shall issue and be served, and other proceedings had as in an action by proceedings at law." Kirby's Digest, § 4433. To such action defense may be made by the persons therein interested; and therefore all persons materially interested in such action should be made parties thereto. *Shield* v. *Barrow*, 17 How. 130.

The original suit in which the former judgment was rendered was instituted by the Fort Smith & Western Railroad Company to condemn the property for its use for railroad purposes. By the statutes of this State granting to railroad companies the power of eminent domain, it is provided that such companies shall endeavor to obtain by agreement with the owner the property necessary for its railroad purposes, and, upon failure to obtain same by agreement, to institute condemnation proceedings in the courts in order to assess the amount of the damages which it shall pay to the owner therefor. Kirby's Digest, § 2947. Every person having a property interest in the land to be taken should be made a party to such proceeding, and the mode of proceeding prescribed by the statute should be strictly pursued. The effect of the condemnation proceeding is to take from the owner his property against his will and at a price fixed by others than himself. Such owner can therefore be divested of his property for public use only by a strict compliance with the statute authorizing the condemnation thereof. In said condemnation proceedings it is provided by section 2950 of Kirby's Digest that "in all cases of infants or persons of unsound mind, when no legal representative or guardian appears in their be-

half at the hearing, it shall be the duty of the court to appoint a guardian *ad litem* who shall represent their interests for all purposes." It is further provided by our statutes that "the action of a person judicially found to be of unsound mind must be brought by his guardian, or, if he has none, by his next friend;" and that "the defense of an action against a person judicially found to be of unsound mind must be by his regular guardian or a guardian appointed by the court to defend for him, where no regular guardian appears, or where the court directs a defense by the guardian. No judgment can be rendered against him until after a defense by his guardian or by a guardian appointed for that purpose." Kirby's Digest, § § 6026, 6028.

It therefore follows that it is an error to proceed with the trial of a condemnation suit when a person of unsound mind is a party thereto, and is not represented by a statutory guardian or a guardian *ad litem*. But such proceeding, and the judgment therein rendered, is not absolutely void; it is only voidable, and may be vacated at the instance of such party laboring under disability only on a showing that such party has a meritorious cause of action or a defense. The adverse parties have still the right to show that such party has no just right to complain of the judgment rendered. *Knights of Maccabees* v. *Gordon, supra; Martin* v. *Gwynn,* 90 Ark. 44. In a condemnation proceeding, all persons owning an interest in the property are proper parties; and this includes tenants in common, life tenants, remaindermen, lessees, in fact every person having an interest in the land. 2 Lewis on Eminent Domain, § 530; *Little Rock & Ft. S. Rd. Co.* v. *Dyer,* 35 Ark. 360; *Bentonville Rd.* v. *Baker,* 45 Ark. 252; *Little Rock & Ft. S. Ry. Co.* v. *Alister,* 62 Ark. 1.

If, however, any person having an interest in the land is omitted from such suit, the proceeding is thereby made only nugatory as to such omitted person. Those who are made parties can not complain of such omission. But where persons are made parties to the proceedings, and are duly represented, then their rights are finally concluded by the judgment that is therein rendered. The rights of such parties become fixed and determined by such judgment. Such judgment becomes, therefore, a subject-matter in which all the

parties to such suit are interested, and by the annulment thereof their rights will necessarily be affected. After the award of damages is made by a jury in a condemnation proceeding, it then becomes necessary for the court to order the distribution thereof to the owners of the land condemned according to their respective interests. Where there are several parties defendant in such condemnation proceeding claiming adverse rights to the property, they become adversary parties to each other. The rights of such parties defendant to the award are determined by the judgment of distribution made in such proceeding; and an action, therefore, to annul or vacate such judgment necessarily affects the rights of all such parties. Such a judgment, as is said in the case of *York* v. *Cartwright, supra*, relative to judgments generally, "is a vested right in the parties by whom it is recovered. If it is sought to review, cancel or annul it, either in the court in which it is pronounced or in an appellate tribunal, the parties to it or their privies must be given the opportunity of being heard before it can be done. If not, and such proceeding was of force, the parties interested in the judgment would be deprived of the right invested in them thereby without having their day in court."

It is urged that the judgment entered in a condemnation suit differs from an ordinary judgment in this respect; it is claimed that the railroad company, by making persons parties defendant to the condemnation suit instituted by it, thereby admits and asserts that such persons are owners of the property sought to be condemned, and the railroad company therefore can not deny such ownership. *Bentonville Rd.* v. *Stroud*, 45 Ark. 278. It is for this reason argued that when, by virtue of the judgment rendered in a condemnation proceeding, the award is paid to those against whom the railroad company has brought such proceeding, it can not demand a repayment of the award thereafter upon the ground that such persons are not the owners of the land. But such a question is not involved in the case at bar. The railroad company in the case at bar instituted its condemnation proceeding against a number of persons whom it alleged owned an interest in the land, amongst whom was Ella Hare. The award was determined by a jury, and no complaint is now made

as to the amount of the award or as to the right to condemn
the property. The sole complaint is that the compensation
therefor was paid to other parties in the suit, instead of to Ella
Hare, the true owner of the land. If Ella Hare had labored
under no disability, then she would have been bound by the
judgment rendered in said condemnation proceeding, in-
asmuch as she was properly served with process in that suit.
It is only claimed that by reason of her disability an error
was made, to her injury, in the determination as to what party
was entitled to the award. Her guardian now seeks to set
aside that determination in order that she may show the
error, and that she alone is entitled to said award. If such
judgment should be set aside, then Ella Hare, if the owner of
said land, would be entitled to recover the award of the dam-
ages made for the condemnation thereof. She would be
entitled to recover the amount thereof from the railroad
company, because she has not received compensation for her
land which the company has appropriated to its own use.
Kirby's Digest, § 2903. In event said judgment is annulled,
she would also, if she so elected, be entitled to recover the
amount of said award from the party to whom the same was
paid, as for money had and received, if she in fact owned
said land, and the party receiving the award did not. 2 Lewis
on Eminent Domain, 894. If such party was wholly solvent,
and the railroad company was entirely insolvent, then she
might, and probably would, seek recovery from such party,
instead of from the railroad company. The railroad com-
pany and Ella Hare, therefore, are not alone interested in
said judgment. It can not be vacated as to the railroad com-
pany and Ella Hare alone. If it is vacated as to Ella Hare,
the result will be that it is annulled as to every party thereto
who claims rights thereunder adverse to her. All the parties
to the condemnation suit resulting in said judgment are,
therefore, interested in this action to vacate the judgment,
and will be materially affected by the annulment thereof.
They or their privies should, therefore, be made parties to
this proceeding or action seeking the annulment of the former
judgment.

The lower court ruled that all the parties to the former
judgment should be made parties to this action seeking its

annulment, and in this ruling we think the court was correct. But, upon the refusal of the plaintiff to make these persons parties, the court dismissed the complaint absolutely. In this we think the court was wrong. The court should only have dismissed the complaint without prejudice. *Price* v. *Sanders,* 39 Ark. 306.

The judgment dismissing the complaint absolutely will be modified so as to dismiss the complaint without prejudice to future action or suit by the plaintiff; and as modified the judgment will be affirmed.

At the bar of the court it was in effect stated that, in event it was held that all parties to the former judgment were proper and necessary parties to this proceeding or action seeking to vacate said judgment, the plaintiff would, if the case should be remanded, comply with the order requiring such persons to be made parties. By remanding the case and permitting the plaintiff to join such parties it would obviate the cost of instituting a new action.

In the brief of counsel for appellant a suggestion is made that it would be impracticable to now make parties to this proceeding the parties to the suit in which the judgment was rendered, and the failure to be able to do so, if absolutely required, might result in a denial of justice. But no such showing is made in the record. What would be the effect of such a showing if made is therefore not before us for determination.

The case will be remanded with permission to plaintiff, if he so elects, to comply with the order of the court to join as parties to this proceeding or action all parties to the former suit or their privies.

HART and KIRBY, JJ., dissent.