JUDGE PETERS
delivered the opinion op the court.
At the time the judgment was rendered against Mrs. Adams, which she now seeks to open by this proceeding, as appears from the allegations in the petition, she was a married woman, and no defense was made by her.
By section 579, Civil Code, the court in which a judgment or final order has been rendered or made shall have power after the expiration of the term to vacate or modify such judgment or order by granting a new trial, etc., for the causes enumerated in the several subsections thereof, the 5th of which is as follows: For erroneous proceedings against an infant, married woman, or person of unsound *586 mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.
Throughout the original petition of appellee to foreclose the mortgage there is not an allegation nor an intimation that Mary Frances Adams was a married woman, nor is it stated in the mortgage — the note is not in this record. The clerk of the Madison County Court, in his certificate of acknowledgment, states that the foregoing mortgage from Mary Frances Adams and Josiah Adams her husband was produced, etc.; but'this certificate does not prove or show that she was a married woman at the time the judgment complained of was rendered, and can not be evidence of that fact; and appellant Mary Frances Adams therefore had a right to have the judgment of foreclosure opened, and a new trial of that case. But this is not to be considered as an intimation that appellees will not have an equitable lien in any event on the land for the payment of the mortgage debt, if as appears from the pleadings the money borrowed of Jett was applied to the payment of the residue of the price of the land.
’Wherefore the judgment is reversed, and the cause remanded, with directions for further proceedings consistent herewith.