Case 3—PETITION EQUITY—September 23, 1884.

# Bagby v. Champ, &c.

APPEAL FROM KENTON CHANCERY COURT.

Constitutional Law— Alteration of Remedy— Right of Married Woman to Vacate Judgment.—The right to a particular remedy is not a vested right, and the remedy may be altered at the will of the Legislature, provided the alteration does not impair the obligation of the contract.

The power existing in courts under the Code of 1854 to vacate or modify their judgments after the expiration of the term at which they were rendered, upon the sole ground that the defendant against whom the erroneous proceedings were had was a married woman, has been taken away by the present Code, which applies as well to judgments rendered while the Code of 1854 was in force as to those rendered since, and is valid in its application thereto.

O'HARA AND BRYAN FOR APPELLANT.

1. As the fact that appellant was a married woman did not appear in the record in which judgment was rendered against her, and the error to her prejudice for that reason does not appear upon the record, she is entitled to have the judgment vacated under the provisions of the Code in force at the time the judgment was rendered.
2. The certificate of acknowledgment to a deed is not such part of the record as to show that the party defendant who was certified to have acknowledged it as a married woman, was in fact such. (Adams v. Jett, 6 Bush, 585.)
3. A married woman's deed, unless executed according to the statute and proved by the record, is void. (Prewitt v. Graves, &c., 6 J. J. Mar., 119; Barnett v. Shackleford, 6 J. J. Mar., 533; Applegate v. Gray, 9 Dana, 217.)
4. Appellant having the right under the statute in force at the time judgment was rendered against her to maintain an action to have it vacated, the Legislature had no power to take from her that right. (Berry & Johnson v. Ransdell, 4 Met., 264; Lewis v. Harbin, &c. 7 B. Mon., 168; 5 B. Mon., 564.)

J. M. COLLINS FOR APPELLEES.

Brief not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1866 J. J. Bagby, appellant, Nancy Bagby, his wife, and J. W. Bagby executed their promissory note to appellee Champ, and to secure its payment a tract of land, many years before that time conveyed by the father of appellant to her and her husband, was mortgaged.

An action in equity was instituted by appellee Champ to recover judgment on the note, and to subject the land mortgaged to satisfy it. And in May,

1872, the court, where the action was pending, rendered personal judgment for the amount of the note against J. J. and J. W. Bagby, and also judgment, for a sale of the land; and in September, 1872, it was sold in pursuance of the judgment, appellee Champ becoming the purchaser and receiving a commissioner's deed therefor.

This action was instituted by appellant, January, 1879, for the purpose of vacating the judgment rendered in favor of appellee Champ in 1872, canceling the mortgage mentioned, and recovering the land purchased by him under that judgment.

A general and special demurrer was filed and sustained by the court below to the petition and amended petition, and orders made overruling the several motions to file the second, third and fourth amended petitions.

It appears from the pleadings filed by appellant, that at the date of the judgment of 1872, for the sale of the land, she was a married woman, but subsequently became, and was when this action was commenced, discovert by reason of divorce from her husband.

It is alleged in the pleadings filed in this case by appellant that there existed valid defenses to the action of Champ against J. J. Bagby, John W. Bagby and herself, which she sets out, but that J. J. Bagby, who was then her husband, refused, and she, by reason of being a married woman, could not present them. But it is not necessary to consider any of the reasons for vacating or modifying the judgment of 1872, relied on by her, unless she has the

right to maintain this action. The first and controlling question, therefore, is, whether she can do so upon the sole ground that when the judgment was rendered she was under the disability of coverture, for no other cause is set forth in her pleadings.

By section 579, Civil Code of 1854, it is provided that the court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order for any of the causes there enumerated, the causes mentioned in subsection 5 being as follows: "For erroneous proceedings against an infant, *married woman*, or person of unsound mind when the condition of such defendant does not appear in the record nor the error in the proceedings."

There can be no question as to the right of appellant to maintain this action under the Civil Code as it stood at the date of the judgment, all the other conditions therein mentioned existing and being complied with by her. But subsection 5, section 518, of the present Code, which went into operation before this action was commenced, is essentially different from the corresponding subsection of the Code of 1854 just quoted. It is as follows: "For erroneous proceedings against a person under disability, *except coverture*, if the condition of such defendant do not appear in the record nor the error in the proceedings."

It thus clearly appears that the power existing under the Code of 1854 of courts in which judgments have been rendered to vacate or modify them after the expiration of the term, upon the ground that the defendant against whom the erroneous pro-

ceedings were had was a married woman, has been taken away by the present Code, and now a defendant who may labor under the disability of coverture is limited to the same remedies under section 518 that persons not under disability are.

It therefore follows, that unless subsection 5 of section 518 is to be held invalid in its application to this case, that the action can not be maintained by appellant.

It is laid down and approved by this court, that the right to a particular remedy is not a vested right. As a general rule, every State has complete control over the remedies which it offers to suitors in its courts. (McArthur v. Goddin, &c., 12 Bush, 274.)

"Whatever belongs merely to the remedy, may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract, and it does not impair it, provided it leaves the parties a substantial remedy according to the course of justice as it existed at the time the contract was made." (Cooley's Constitutional Limitations, 4 ed., 350.)

In this case the change made in the law, as it existed at the date of the judgment in 1872 and until 1877, affects the remedy merely, and does not at all impair the obligation of a contract in the meaning of Constitution, nor take from appellant a vested right.

By subsection 5, section 579, of the Code of 1854, an exceptional remedy for vacating or modifying judgments was given to persons laboring under disabilities, which were withheld from all others. The

effect of the corresponding subsection of the present Code has been simply, after five years from the date . of that judgment, to take from appellant the right to maintain an action to vacate or modify the judgment, upon the sole ground that she was, when it was rendered, a married woman. But for any other cause enumerated in section 579 she may still maintain the action to vacate or modify, and her right to appeal is left undisturbed. In our opinion, subsection 5, section 518, of the present Code, is valid in its application and governs this case, and, consequently, appellant can not, for the cause set out in her petition and amended petitions, maintain the action.

The judgment is affirmed.