RICHARDSON *v.* MATTHEWS.

Opinion delivered February 17, 1894.

*Judgment against married woman—Proceeding to vacate.*

> Under Mansfield's Digest, sec. 8909, which requires that a court in which a judgment has been rendered shall have power to vacate it, after the expiration of the term, "for erroneous proceedings against an infant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings," a complaint in a suit to vacate a judgment against a married woman is sufficient which alleges that a judgment was recovered against plaintiff, a married woman, during coverture, on a note executed by her during coverture, that she executed the note as surety and without consideration or benefit to her separate estate, that she made no defense to the action in which the judgment was recovered, that the fact of her recovery did not appear on the face of the note nor in the proceedings thereon, and that her condition at the date of such judgment did not appear in the judgment nor in the proceedings on which the judgment was based.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*W. P. & A. B. Grace* and *Bell & Bridges* for appellant.

Appellant brings herself within the letter of secs. 3909, 3911, Mansf. Dig. A married woman's contract is void. 5 Ark. 668; 17 *id.* 190. Her acts are void. 92 Ill. 566; 18 Fla. 342; 11 Bush, (Ky.) 174–9; 63 Ill. 58; 43 Ark. 166. There is no law in Arkansas authorizing a married woman to contract generally. 43 Ark. 166; 39 *id.* 242; 35 *id.* 372. See cases 18 Md. 457; 75 Ill. 574; 29 W. Va. 385; 56 Miss, 314; 18 Pa. St. 79; 67 *id.* 436; 49 Mo. 152; 3 Gray (Mass.), 411; 30 La. An. part 2, 1021; 2 Harr. (Del.) 74; 12 Iowa, 459; 24 N. Y. 72; 41 N. J. L. 469; 8 Dowl. P. C. 126; 11 C. B. (N. S.) 783; 2 F. & F. 371; Freeman, Judg. sec. 94; 18

Md. 130; 43 Ark. 427; 1 Black, Judg. secs. 190–196;
*Ib.* sec. 327.

MANSFIELD, J.    This action was brought under
the fifth subdivision of section 571 of the civil code,
which provides that the court in which a judgment has
been rendered shall have power to vacate it, after the
expiration of the term, "for erroneous proceedings
against an infant, married woman, or person of unsound
mind, where the condition of such defendant does not
appear in the record, nor the error in the proceedings."
Mansf. Dig. sec. 3909.

A subsequent section provides that proceedings to
vacate a judgment on the grounds mentioned in the
subdivision quoted above shall be by complaint, set-
ting forth the judgment, the grounds for vacating it, and
the defense to the action in which it was obtained. *(Ib.*
sec. 3911.)

The appellant's complaint was dismissed on demur-
rer ; and whether the facts it states are sufficient to
constitute a cause of action is the only question we have
for decision.

The facts alleged are that the judgment which the
plaintiff seeks to vacate, and which is recited in and ex-
hibited with her pleading, was recovered against her
upon a note executed by her during coverture; that she
executed the note as the surety of her husband and son,
and without any consideration received by herself, or any
benefit to her separate estate ; that at the time the judg-
ment was rendered her condition of coverture continued
to exist, and that, acting under the advice of her hus-
band, she made no defense to the action in which the
recovery was had ; that the fact of her coverture at the
time of making the note does not appear on the face
thereof, nor in the proceedings against her in which the
judgment complained of was rendered ; and that her

condition at the date of such judgment appears neither in the record, nor in any part of such proceedings.

These allegations, taking them to be true, meet all the conditions essential to the relief sought. They show that the action against the appellant was founded on a promissory note which, as to her, the law holds to be absolutely void, for the reason that, being a married woman, she could not bind herself by a contract not made for "her personal benefit or that of her separate property." *Connor* v. *Abbott*, 35 Ark. 365. The note being void as to her, the recovery against her based upon it cannot be treated as correct when questioned in this proceeding, however regular and proper it may appear to be upon its face. Her disability to make the note not appearing in the proceedings against her, the error with which the judgment is affected by that fact would be of no avail on appeal. But the "erroneous proceedings" to which the statute by its terms applies are such as do not of themselves disclose the error committed. They must, therefore, be such proceedings as appear to be correct except when viewed in the light of extraneous facts adduced to avoid them. In this case it is clear that if the matters of defense set up in the complaint had been pleaded in the original action, it would have been error to adjudge them insufficient. This being so, it follows that, in connection with the other facts alleged, they constitute grounds sufficient to vacate the judgment. The court erred, therefore, in sustaining the demurrer ; and for this the judgment will be reversed, and the cause remanded for further proceedings.*

*See Mansfield's Digest, 3912, 3913; *Chambliss* v *Reppy*, 54 Ark. 539; *Richards* v. *Richards*, 10 Bush, (Ky.) 617; *Adams* v. *Jett*, 6 Bush, 585; *Spalding* v. *Wathen*, 7 Bush, 663; *Bagby* v. *Champ*, 83 Ky. 13.