BLUFF CITY LUMBER COMPANY *v.* FLOYD.

Opinion delivered May 10, 1902.

APPEAL—COURT'S FINDINGS—EXCEPTIONS.—While the objection that the court's finding of fact is not sustained by evidence may be made by motion for new trial, without exception being saved at the time the finding is made, the rule is otherwise as to the court's conclusions of law, which must be excepted to as well as made grounds of motion for new trial.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*Bridges & Wooldridge,* for appellant.

Homesteads are not exempt from sales made to enforce mechanics' liens. Const. 1874, art. 9, § 3; Sand. & H. Dig., § 3710. Dower is a potential interest, and does not give possession until it is assigned. 11 Ark. 212. The homestead was abandoned. 68 Ark. 79.

*Irving Reinberger,* for appellee.

The bill of exceptions is not complete. 59 Ark. 291; *id.* 178. The amendments are a necessity. Sand. & H. Dig., § 5845. The exceptions were not properly saved. 55 Ark. 485; 46 Ark. 462; 53 Ark. 250. As amended, the record is wholly defective. 60 Ark. 256; 33 Ark. 97; 38 Ark. 539; *id.* 339; 28 Ark. 8; 67 Ark. 531; 43 Ark. 491. Appellant's sale did not bar appellee's right to dower. Sand. & H. Dig., § 2535; Phillips, Mech. Lien, § 195; 31 Ark. 579; 11 Ark. 82; 56 Ark. 222; Sand. & H. Dig., § 4741; 40 Ark. 283; Sand. & H. Dig., § 18. Appellee's sale was not a mechanic's lien sale, or, if it was, it was irregular and void. Sand. & H. Dig., §§ 5858, 4744, 3710, 3694, 3714, 4741. Appellee was a necessary party to sell homestead under mechanics' lien. Thomp. Home. § 374. The sale was void because it was authorized on a *dies non.* 67 Ark. 80; 16 Am. & Eng. Enc. 818; 44 Am. Rep. 756; 135 Mass. 306. The sale was void. 48 Ark. 476; 5 Ark. 426. Appellee was not estopped to deny appellant's right to dispossess her because her husband had attorned to it. 17 Ark. 546; 31 Ark. 470; Thomp. Home. § 470. Neither appellee nor her husband was served with process, and the judgment was *coram non judice.* 48 Ark. 151. The dower and homestead rights were not in issue or ordered sold. 64 Ark. 492. The question of damages cannot now be raised. 33 Ark. 97.

BATTLE, J. This was an action of unlawful detainer. The issues in the case were, by consent of the parties, tried by the court; trial by jury being waived. The court filed its conclusions of fact and of law, separately, in writing. There were no exceptions to the conclusions of law. The defendant recovered judgment; and

the plaintiff filed a motion for a new trial, and for cause stated: "(1) That the findings of the court and judgment are contrary to the law; (2) that the findings of the court and judgment are contrary to the evidence; (3) that the findings of the court and judgment are contrary to the law and evidence." The motion was overruled, and the plaintiff appealed.

"The objection that the court's finding of facts is not sustained by evidence may be made by motion for new trial, no exceptions at the time the finding is made being necessary." *White* v. *Beal & Fletcher Grocer Company,* 65 Ark. 278, 285. In this case the appellant concedes that "the findings of the facts by the court, so far as they go, are correct." The rule as to the court's conclusions of law is different. In the language of the court in *Dunnington* v. *Frick Company,* 60 Ark. 250, 258, "As there was no exception to the court's conclusions of law, * * * they cannot be reviewed here."

There being nothing before us for review, the judgment of the circuit court is affirmed.