SPARKS *v.* FARRIS.

Opinion delivered December 20, 1902.

1. LIMITATION—RECOVERY OF LAND SOLD FOR TAX.—Sand. & H. Dig., § 4819, imposing a limitation of two years to actions to recover lands sold for taxes, has no exception in favor of persons under disability. *Sims* v. *Cumby,* 53 Ark. 419, followed. (Page 120.)

2. TAX PURCHASER—CONSTRUCTIVE POSSESSION.—A tax purchaser under a void tax deed who goes into actual possession of a portion of the land purchased has constructive possession of the remainder of the land where none of it is occupied. (Page 122.)

Appeal from Benton Circuit Court.

JAMES M. PITTMAN, Judge.

Affirmed.

Action of ejectment by Joseph E. Sparks and another against R. A. Farris and wife. From a judgment in favor of defendants, plaintiffs have appealed.

*E. P. Watson,* for appellants.

Appellee had no right or claim to the land after forfeiture to the state. 46 Ark. He could not claim adversely under his donation certificate. Sand. & H. Dig., § 4819; 68 Ark. 283. Adverse possession must be established by clear and positive proof. 1 Am. & Eng. Enc. Law, 887; 28 Wis. 226. Every presumption is in favor of the true owner. Sidg. & Wait, Trial of Tit. to Land, § 749; 43 Ark. 469; 57 Ark. 97-104; 68 Ark. 551. The statute of limitations began to run after the time of redemption had expired. 60 Ark. 168. A void tax deed does not carry constructive possession. 67 Ark. 411.

*J. A. Rice,* for appellees.

Entry and adverse possession under claim of title is disseisin. Ang. Lim. (6th Ed.), § 385; 13 Ark. 448. Constructive possession will be presumed upon a void tax title, and the statute bar will run against infants. 59 Ark. 460; 58 Ark. 151; 57 Ark. 523; 53 Ark. 400.

BUNN, C. J. The plaintiffs, Joseph E. Sparks and Margaret Wittmer, are the children and only heirs of Lydia Sparks, nee Lydia Thomas, daughter and devisee of Joseph Thomas, deceased, by whose will the said Lydia Sparks owned the lands in controversy, to-wit: The south half of the northwest quarter of section 5, ·township 18 north, range 33 west, situate in Benton county, Arkansas. Said Lydia was married to J. M. Sparks in June, 1872, and died in March, 1884, intestate, leaving surviving her children and sole hers at law, Joseph E. Sparks, Margaret Wittmer, Isaac Sparks and Lydia M. Sparks; Isaac M. Sparks and Lydia M. Sparks not being parties hereto, for some cause.

Joseph Thomas, the ancestor, was the owner of the land in controversy, and died in Benton county, Arkansas, in November, 1882, having made a will in which he devised the land in controversy to his daughter, Lydia, as aforesaid. The will was duly proved by the clerk of the probate court, and by him recorded, but the minutes of the proceedings of the probate court do not show any order of probation by that court.

It is agreed that the records of the office of the county clerk of Benton county show that the lands involved were duly assessed by the assessor of the county for the taxes of the year 1884, and the taxes duly levied thereon for that year. That said taxes were not paid. That the collector returned said lands as delinquent in 1885 for the non-payment of the taxes of 1884. That the clerk of the county did not record said delinquent list in a book kept for that purpose; nor did he certify at the foot of such record, stating in what newspaper said delinquent list had been published and the date of publication, and for what length of time the publication was made, before the first Monday next ending. That said delinquent list was not published weekly for two weeks between the fourth Monday in April and the fourth Monday in May, 1885. That said 80-acre tract was assessed as such, and for a greater amount than was due thereon for the year 1884, and was sold for a greater amount than was legally due thereon. That said tract was not redeemed from said forfeiture and sale within two years from date of sale; and that, at the end of two years from said sale, the clerk of said county certified the same to the commissioner of state lands, as having been stricken off to the state at said sale as land forfeited to the state for said delinquent taxes, penalty and costs thereon, and that the same were entered in the books of the office of said commissioner as lands forfeited to the state as aforesaid, and as lands subject to donation or purchase from the state, under the statutes made and provided therefor. That said Lydia Sparks, nee Thomas, never disposed of said lands in any manner, but remained the owner of the same until her death, which occurred, as stated, in March, 1884.

It is agreed also that the plaintiffs, Joseph E. Sparks and Margaret Wittmer, each owning an undivided one-fourth interest in said lands by inheritance from their mother, were born, respectively, March 21, 1873, and February 2, 1876, the one being eleven and the other eight years old at the time of the death of their mother.

It appears that R. A. Farris, the defendant, made application to donate this tract from the state sometime in the year 1888 or 1889, and received his donation certificate, and immediately entered upon the land, and in proper time made the necessary improvements under the statute, but it appears that, in making his application for the donation, he made it as if he desired to make it

an independent donation, whereas, in fact, as he claims, he intended to apply to donate as land adjoining lands already owned and occupied by him. Finding this difficulty in the way, he surrendered his certificate and donation entry, and purchased the land, receiving his deed from the commissioner of state lands, which bears date December 14, 1894. It appears that he continued his possession, cultivating the portion he had cleared and put in cultivation under his donation entry, up to the time of the institution of this suit.

If it be necessary so to state, his possession under the donation certificate was actual, adverse and notorious, and, while this period of possession may not be taken into consideration in estimating the time any statute of limitation has run, yet it goes to show and fix the character of his possession, and to determine its territorial extent; and as his possession under his deed from the commissioner of state lands was the same, and a mere continuation of it, the extent and character of the latter possession is also shown by it.

The facts in the case are mainly embodied in an agreed statement of facts, and there is therefore no controversy as to them.

The rulings of the court below, so far as it is necessary to refer to them in this opinion, were:

(1)   That the will of Joseph Thomas was legally sufficient to carry the title to the land to his daughter, Lydia Sparks, and, whether this ruling be correct or not, it matters not, since it was in favor of the appellants, and they cannot be heard to object.

(2)   That the defendant's deed from the state land commissioner was void for the reason that the taxing officers had failed to comply with the statutes on the subject, and the forfeiture and sale of the lands at tax sale were irregular and void.

Whether the ruling be correct or not, there may be a question, but, be that as it may, it may be admitted to be correct, for the sake of the argument at least; and even that does not settle the case against the defendants, for they have interposed the statute of limitation applicable to the particular case, which calls in question plaintiffs' right to sue at the date of the institution of this suit.

That statute is embodied in section 4819 of Sandels & Hill's Digest, and, in effect, prohibits any one from bringing an action for the recovery of lands which have come into the ownership of the state by virtue of the taxing laws, and have been purchased from the state, as the lands in this suit were purchased by the defendant, "unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the same within two years next

before the commencement of such suit or action." The statute is no respecter of persons, and applies to persons under disabilities as well as to those *sui juris*. *Sims* v. *Cumby*, 53 Ark. 418.

The record in this case shows that this suit was not begun within two years from the date of defendant's deed from the state, and the proof shows that his possession was contemporaneous with his title deed, and that he cultivated the cleared portion under his possessory right in all due seasons. It follows that the suit was simply not brought in the time allowed by law, and that the ruling of the court below to the effect that plaintiffs were barred by this statute of limitation is correct.

It will be borne in mind that this is a suit in ejectment, in which the plaintiffs do not seek to redeem, but to contest the title of the defendants directly. One of the essential allegations in ejectment is that the defendants are in possession, and in wrongful possession, and, as it is shown that their possession was the same for more than two years next before the institution of the suit, that would seem to settle all controversy as to such possession. Unless this were a suit to redeem, none of the statutes peculiarly applicable to the mere right or privilege of redemption are applicable, nor can one consistently petition to be allowed to redeem, and at the same time call in question the tax title of the purchaser; for, in the very nature of things, one who applies to redeem must admit the regularity of the forfeiture and tax sale, or at least must waive any right to call the same in question, for his prayer for redemption is merely that he be put *in statu quo* as to the ownership of the land by re-imbursing the purchaser for his outlay and expenses, conceding in this way that such expenditures were lawfully made.

Finding no reversible error in the proceedings of the court below, its judgment is affirmed.

ON REHEARING.

Opinion delivered January 24, 1903.

BUNN, C. J. The appellants are the heirs at law of Joseph Thomas, deceased, who, it is alleged, was the original owner of the lands in controversy.

The appellee, R. A. Farris, claims title by having purchased the lands as forfeited lands from the state, and as holder of the state's deed in furtherance of said purchase, and pleads the various statutes of limitations against the claim of the appellants, who instituted this suit against him and his wife in ejectment.

The plaintiffs excepted to the state's deed, because of irregularities in the assessment and forfeiture of the lands to the state upon the title to the lands in the state is founded.

On the trial, the circuit court found for the defendant on the issue of the two years' statute of limitation and adverse possession, as set out in the answer. The defendant's adverse possession began under a donation certificate, and thus was surrendered to the state under section 4583 of Sand. & H. Dig., and on the 14th of December, 1894, defendant purchased the same from the state, and received his deed in due form. There was no change in the possession. The suit was instituted in November, 1897, more than two years after the date of the deed.

On appeal this court affirmed the judgment of the circuit court, and now this cause comes up on a motion for rehearing, and a request for oral argument. The only question presented on the motion is whether or not the possession of appellees was adverse and extended to all the land described in the deed under which the appellants claim, the appellants claiming that the possession of the appellees only extend to their actual possession, their enclosure, and the appellees claiming that the constructive possession, under even a void tax sale and deed, of a purchaser extends to all the land mentioned in his deed, if he has actual possession of any.

There is no claim that the appellants had actual possession of any of the land during the running of the two years.

It has, in one or more cases, been held by this court that in such cases, where the owner and tax purchaser both held actual possession of lands sold for taxes, the latter having actual possession of part, and the former of the remainder, and where the tax deed was void, then in such case the holder of the tax deed held the possession only so far as his actual possession extended, because, the owner having possession also of the remainder, his constructive possession of the whole under the description in his deed was superior to the constructive possession of the purchaser holding under a defective deed. But this rule does not pertain where the actual possession is not divided between the two, for the void deed in such case indicates the possessory claim of the holder thereof, and all the world must take notice thereof, and such is the essence of adverse possession.

The petition for oral argument is denied, and the motion for rehearing is overruled.