JONES *v.* POND & DECKER MANUFACTURING COMPANY.

Opinion delivered May 28, 1906.

1. INFANCY—SUIT TO VACATE JUDGMENT.—Under Kirby's Digest, § 4431, subdiv. 8, infants have a day in court, within twelve months "after arriving at full age," to show cause why a judgment rendered against them in infancy should be modified or vacated. (Page 198.)

2. SAME—MAJORITY OF FEMALE.—Under Kirby's Digest, § § 4431, subdiv. 8, and 6248, preserving the right of infants to appear within one year after reaching full age and show cause why a judgment against them should be vacated, a female infant, according to Kirby's Digest, § 3756, attains her full age at 18 years. (Page 199.)

3. LIMITATION—POSSESSION OF PART.—One who takes possession of part of a tract of unoccupied land under a tax deed conveying the entire tract acquires title to the entire tract by limitation after the lapse of two years. (Page 199.)

4. JUDGMENT—PERSON UNDER DISABILITY—STATUTORY NEW TRIAL.—To entitle a person under disability of nonage, coverture or unsound mind to set aside a judgment obtained against him or her, as provided by Kirby's Digest, § 4431, subdiv. 5, two elements must concur: (1) the disability of such person must not appear in the record; and (2) the error which should cause the judgment to be vacated must not appear in the proceedings. (Page 200.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

STATEMENT BY THE COURT.

The complaint in this case was filed by appellants to review and vacate a decree of the Mississippi Chancery Court, rendered at the March term, 1900, against them, divesting their interest in all of section 14, T. 10 S., R. 8 west, except 2.57 acres, and quieting the title of appellees thereto.

Appellants, except Nannie C. Jones, the widow, were children and heirs at law of B. F. Jones. At the time of the rendition of the decree sought by this suit to be vacated, appellants, except Nannie C. Jones, the widow, were minors. Appellee, in the fall of 1897, filed a complaint in the Mississippi Chancery Court against one B. F. Jones to quiet title to section 14, T. 10 S., R. 8 W., in Mississippi County, Arkansas.

Jones died, and his widow and children, appellants here, answered. They admitted that appellee had derived title from the State through the Arnold heirs, under whom appellee claimed by deed executed to it in 1897. But they claimed that this title had been divested out of appellee, and had been invested in them, by a tax deed duly executed to B. F. Jones in 1882. They set up this deed, and also the two and seven years statutes of limitation. They also set up that their ancestor had paid taxes on the land since 1877, and that appellee was barred by laches.

The court found that the tax title under which appellants claimed was void, but found that appellants had been in adverse possession under their tax deed of 2.57 acres, and quieted the title of appellants to this, but divested their title to the residue of the section, and quieted the title of appellee to same. The court also rendered a decree in favor of appellants for $1,039.80 for taxes and improvements. The tax deed to B. F. Jones was for all of section 14, T. 10, R. 8. The proof showed that 2.57 acres was cleared by him, and had been in cultivation continuously for seven or eight years before suit was brought by appellee to quiet its title.

Appellants seek by their complaint in this case to review and vacate that decree as to all except the 2.57 acres, and to quiet their title to the whole of section 14, T. 10, R. 8, *supra*. In their complaint, after setting up their claim of title under the tax deed to B. F. Jones, and the death of Jones, and their relationship to him, as the widow and heirs, and after reciting, among other things, that appellee claims title under a decree of the chancery court of Mississippi County, rendered in March, 1900, in its favor against them, they allege the minority of appellants, the children of Jones, at the time of the rendition of the decree, and set up various grounds for annulling same, and among them the following: That said B. F. Jones paid all taxes on said land from the date of his purchase until the day of his death; that he took possession of said land in 1884, and continued in the actual, open, notorious, hostile and exclusive possession of the same until the day of his death; and after his death the plaintiffs continued said possession until the rendition of said decree in March, 1900; that as an incident, at the rendition of said decree the defendant refunded to the said Nannie C. Jones, as administratrix, the taxes paid by her and the said B. F. Jones on said land, which sum the plaintiff Nannie C. Jones now brings into court and tenders to defendant.

The prayer was that the decree be vacated, and for general relief.

Appellee denied all the material allegations of the complaint, and its denial of the paragraph of the complaint above set forth is as follows:

Defendant denies that said B. F. Jones, deceased, took pos-

session of said land in the year 1884, or that he held actual, open, hostile, exclusive possession of the same up until the time of his death, or that plaintiffs held possession of the same up until his death, or that plaintiffs held possession of the same until the rendition of the decree mentioned in the complaint; but if the said B. F. Jones ever held actual, open, exclusive and continuous possession of any part of said land for any length of time, his possession covered only two and one-half acres, which were held by mistake, and under the belief that it was a part of a tract lying contiguous to the tracts in question, and defendant denies that plaintiffs' possession or the possession of their ancestor was ever intended to cover any portion of the land in controversy, and denies that said possession extended to the entire section.

This suit was begun January 8, 1903. Appellant Minnie Adkins (nee Jones) was born September 10, 1881. Appellant Minnie Jones was born March 17, 1884, and the other children were younger than she.

The tax deed under which B. F. Jones claimed was executed January 12, 1880. It conveyed section 14, T. 10, R. 8. The proof showed that as early as 1884 the timber on the land on the line between sections 13 and 14 was deadened, and in 1889 three and three-fourths acres were cleared, and put in cultivation in section 14 for B. F. Jones. This land joined other land owned by Jones. In 1887 three hundred acres were deadened by Jones, and thirty acres were put in cultivation in January, 1895. Jones paid taxes on the land, and used firewood from it continuously from the time he bought it until 1897. No one else was in the actual occupancy of the other land in section fourteen. The chancery court refused to vacate the decree, and dismissed appellants' complaint.

*J. T. Coston,* for appellants.

1. The decree sought to be vacated was void because the court had acquired no jurisdiction of B. F. Jones or his heirs.

The warning order was published November 26, 1897, and Jones died December 15, 1897—before the thirtieth day after the making of the order. Kirby's Digest, § 6058. The death of a defendant pending publication of notice renders it ineffectual. Alderson on Jud. Writ and Proc. 343; 26 Minn. 421. There

was, therefore, nothing to revive against the heirs, and no attorney could enter their appearance and consent to a revivor against them. Kirby's Digest, § § 6308, 6311; 61 Ark. 419; 39 Ark. 106; *Ib.* 237; 98 N. W. 701.

2    Aside from the question of jurisdiction, if the decree upon the merits was erroneous, and deprived the heirs of a substantial right, it was the duty of the court, upon application of the heirs within the time allowed by statute, to vacate the judgment. Kirby's Digest, § 4431, subdiv. 8; *Ib.* § 6248; 8 S. W. 916; 10 Bush, 61; 10 Ky. Law Rep. 317; 65 Pa. 779; 82 N. W. 439; 42 W. Va. 783; 49 Ark. 417; 70 Ark. 418; 15 Ky. 76; Cent. Digest, 27, col. 1387-8; 74 Am. Dec. 298.

3.    The plea of *res judicata* is not applicable in this case. 64 S. W. 425. And the minors are not estopped by receipt of money by the administratrix for taxes, interest and improvements. 2 Pomeroy's Eq. Jur. § 815; 101 N. C. 206.

4.    On the question of adverse possession, when Jones took possession of a part, with his tax deed on record, his possession extended to the limits of the grant. 74 S. W. 299; 71 S. W. 255; *Ib.* 945; 88 S. W. 977; 6 Col. 265; 25 Me. 472; 85 Am. Dec. 106; 130 Fed. 503; 10 Pet. 190; 48 Ark. 316; 2 Wood on Lim. 633; 88 S. W. 566. See also 142 U. S. 443; 47 Fed. 180; 158 U. S. 384. The act of deadening the timber on a tract of land is an unequivocal assertion of ownership. 34 Ark. 602; 87 Ill. 146; 2 Wood on Lim. 676. To be adverse, possession need not be so open, continuous and notorious as necessarily to be seen and known by the owner if he should casually go upon the land.    111 Ala. 589; 43 Mo. 142.

5.    Jones bought the land for taxes due and delinquent thereon for the years 1868 to 1876, inclusive, in the year 1877, and continued to pay the taxes thereon and improve the land until November 26, 1897, when this suit was brought.

"Equity will not permit one whose duty it is to act to wait and let the future determine whether or not the property is sufficiently valuable to assume burdens and rights otherwise discarded." See also 168 U. S. 284; 11 Pet. 333; 98 Fed. 773; 51 Fed. 495.

WOOD, J., (after stating the facts.)    This action was brought under sections 6248 and 4431, subdivision 8, of Kirby's Digest.

This court has construed these provisions in *Blanton* v. *Rose,* 70 Ark. 418. According to that case, appellants except Mamie Adkins, the children of B. F. Jones, had the right to bring this suit. The decree which they seek to vacate divested their title in the lands, and was tantamount to ordering a conveyance from them in favor of appellee. They, except Mamie Adkins, were minors when the decree was rendered, and under the above section had a day in court within twelve months "after arriving at full age" to show cause against the decree, and to vacate same for errors therein. Section 4431, subdiv. 8, *supra.*

As to Mamie Adkins, she was over eighteen years of age when the decree sought to be vacated was rendered. The statutes (secs. 4431, subdiv. 8, and 6248, Kirby's Digest, *supra*) preserve the right to appear and show cause why the judgment should be vacated to infants. Sec. 3756, Kirby's Digest, provides: "Males of the age of 21 years and females of the age of 18 years shall be considered of full age for all purposes, and until those ages are attained they shall be considered minors." Under this section, Mamie Adkins could have brought suit in her own name or defended a suit brought against her at the time the decree sought to be canceled was rendered. Under the law she was not an infant. The language of the statute is so plain that there is no room for construction. It follows that Mamie Adkins was not entitled to any relief under the complaint, and the decree, so far as her interest is concerned, must be affirmed.

The other appellants should have been granted the relief prayed. For they show that their ancestor took actual possession of at least three and three-fourths acres of the land described in his tax deed. Indeed, the proof tends to show that he took possession of three hundred acres, for he deadened that amount. Under the decisions of this court in *Carpenter* v. *Smith,* 76 Ark. 447; *Sparks* v. *Farris,* 71 Ark. 117, and *Crill* v. *Hudson,* 71 Ark. 390, when appellant's ancestors took possession of part of the land described in his tax deed, that possession extended to the limit of his grant. There was no one in the actual occupancy of the residue of the land not occupied by B. F. Jones, thus distinguishing the case in that particular from *Woolfolk* v. *Buckner,* 67 Ark. 411.

The decree of the Mississippi Chancery Court dismissing

appellants' complaint is reversed, and the cause is remanded with directions to enter a decree quieting the title of appellants to the land in controversy, except as to Mamie Adkins, and affirming the judgment dismissing the complaint for want of equity as to her.

The court, however, before entering decree quieting the title of appellants to the lands in controversy as indicated, should make an order requiring appellants to make good to appellee the tender with interest.

## ON REHEARING.

### Opinion filed October 15, 1906.

HILL, C. J. Appellee seeks to have the judgment changed except as to Mrs. Adkins, and appellants seek to have it changed so as to permit her recovery. The court has carefully gone into the case again, and adheres to the decision rendered. It is pointed out that an undenied allegation of the complaint is that Mamie Adkins, *nee* Jones, was a married woman at the time of the rendition of the original decree. It was sought to bring her within the 5th paragraph of section 4431, Kirby's Digest, instead of the 8th paragraph, under which this recovery was sustained for all the Jones heirs who were minors at the time of the rendition of the decree sought to be vacated.

To obtain relief under paragraph 5, two elements must concur: (1) The disabled condition of the moving party must not appear in the record; and (2) the error which should cause the judgment to be vacated must not appear in the proceedings.

It was not intended to give married women, minors and lunatics a remedy cumulative to their existing remedies by appeal, writ of error, certiorari or other appropriate method of review, which would correct the error where it was apparent in the proceedings. When the error and condition do not appear in the proceedings, and therefore these remedies are unavailing, then this statute reaches erroneous proceedings not otherwise correctible in favor of the persons laboring under disabilities therein mentioned. *Richardson* v. *Matthews,* 58 Ark. 484, is an application of this statute. A judgment on a promissory note was ren-

dered against a married woman. She had not appeared, and on its face the judgment was valid; but as a matter of fact she was surety for her husband and son on the note, and was a *feme covert*. The proof of her condition and those other facts rendered it an erroneous proceeding, but one not correctible without this statute, and it was held to apply. In this case the coverture of Mrs. Adkins did not affect the questions involved; and she appeared and put into the proceedings the facts of the case, and these facts disclosed the error of the court in the decree rendered. The court and her counsel put a construction on the decision in *Woolfork* v. *Buckner,* 60 Ark. 165, which rendered it fatal to appellant's cause, and therefore an appeal was abandoned; but that was an erroneous construction, as was shown when *Sparks* v. *Farris,* 71 Ark. 117, was decided. Recently this court on appeal corrected a similar misconception of it in *Rucker* v. *Dixon,* 78 Ark. 99.

Therefore the error did appear in the proceeding in the original case, and could have been corrected on appeal, and this statute is not applicable, and the rights of appellants must stand or fall on the 8th paragraph of section 4431; and for the reason pointed out Mrs. Adkins is precluded from recovery under it.

Justices BATTLE and RIDDICK differ with the majority of the court on the point that Mrs. Adkins is barred. They contend that she had one year after reaching 21 years to vacate the decree.

The motion is overruled.