## PETTUS v. BIRD.

### Opinion delivered November 25, 1918.

1. HUSBAND AND WIFE—JUDGMENT AGAINST WIFE—VACATION.—Where a default judgment was rendered against a married woman as one of the joint makers of a note, and the record did not show her coverture at the time of making the note or that she signed as surety for her husband, the judgment may, under Kirby's Digest, § 4431, be vacated after the term on a complaint showing these facts.

2. JUDGMENT—VACATION—SHOWING OF DEFENSE.—Under Kirby's Dig., § 4434, relating to the vacation of judgments, held that it devolves on the party moving to set aside a judgment for matters not apparent of record to make a *prima facie* showing of a defense to the original action before the judgment is set aside and new trial granted.

3. HUSBAND AND WIFE—VACATION—RECORD.—Within Kirby's Dig., § 4431, providing for the vacation, after the term, of judgments against married women where the condition of the defendant does not appear in the record, the sheriff's return upon the summons is not part of the record.

4.  HUSBAND AND WIFE—SETTING ASIDE JUDGMENT—DIRECTED VER-
    DICT.—In proceedings to vacate a judgment on a note against a
    married woman, where the evidence as to whether she signed the
    note as surety for her husband was conflicting, it was improper
    to direct a verdict for her.

Appeal from St. Francis Circuit Court; *J. M. Jackson*, Judge; reversed.

*Walter Gorman*, for appellant.

1.  It was error to direct a verdict.  A case was made for a jury under Section 4431, Subdivision 5, Kirby's Digest.

2.  The sheriff's return was part of the record and shows appellee to be a married woman.

3.  It was not proved that appellee signed as surety for her husband.  There is evidence that it was given for her separate business in which she was actively engaged.  This was a question of fact for a jury.

*C. W. Norton*, for appellee.

The debt was the husband's and appellee was a mere surety.  Her coverture does not appear of record. The judgment was properly set aside.  Kirby's Digest, § 4431; 29 Ark. 351; 32 *Id.* 451; 66 *Id.* 116.  There was no issue for a jury.  The sheriff's return does not show appellee was a married woman at the time the judgment was rendered.

McCULLOCH, C. J.  Appellee Maggie Bird and her husband, A. Bird, executed a joint promissory note to appellant for the sum of $6,826.07, dated April 10, 1908, payable on the first day of September after date, and on March 4, 1916, appellant instituted an action in the circuit court of St. Francis County against appellee and her said husband to recover the amount of the unpaid balance on the note.  Judgment was rendered in favor of appellant in that action, and on February 14, 1918, appellee filed her complaint in said circuit court to set aside the judgment, alleging that she was a married woman at the time of the execution of said note, and executed the

same as surety for her husband, and that it was error to render judgment against her on the note, but that her disability did not appear in the record, nor did the error appear in the proceedings. Summons was duly issued and served on appellant, and he appeared and demurred to the complaint, which was overruled, and he then filed his answer, denying that appellee signed the note as surety for her husband. There was a trial before a jury, and upon the testimony introduced the court directed the jury to return a verdict in favor of appellee, which was done.

Our statute provides that the court in which a judgment has been rendered may vacate or modify such judgment after the expiration of the term for various causes, among others, where there are "erroneous proceedings against an infant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings." Kirby's Digest, § 4431.

The practice pursued in this instance was in accordance with the statute, and the grounds stated in the complaint, when established by evidence, were sufficient to authorize the court to vacate the judgment and grant a new trial on the merits of the case. *Richardson* v. *Matthews,* 58 Ark. 484.

The statute further provides that the judgment shall not be vacated "until it is adjudged that there is a valid defense to the action in which the judgment is rendered" (Kirby's Digest, § 4434), and it has been decided by this court that it devolves on the moving party in the effort to set aside the judgment to make a *prima facie* showing of a defense to the original action. When that is done, and it is adjudged that there is a defense to the action, the judgment is set aside, and a new trial is granted. *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17.

In this case the court seems to have departed from the orderly course of proceedings as above indicated, and, without first having set aside the judgment or heard evidence to show that there was a valid defense, pro-

ceeded with the trial on the merits of the case before a jury, and then gave a peremptory instruction in favor of appellee. No objection appears to have been made to the action of the court in proceeding with the final trial on the merits of the case without first having heard the preliminary proof on the motion to set aside the judgment, and we assume that the parties elected to treat the judgment as having been set aside for the purpose of allowing a trial of the case on its merits. The record merely recites that the parties appeared by their respective attorneys, and that a jury was selected to hear the evidence, etc. The judgment of the court was that the original judgment in favor of appellant be set aside, and that appellee recover of appellant all her costs expended in the action.

The note which was the basis of the original action did not show on its face that appellee was a married woman, nor that she signed as surety. On the face of the paper appellee was a joint maker of the note. Nor did the complaint in the original action disclose the fact that appellee was a married person. She and her husband were sued jointly as makers of the note without reference to her coverture, and without any allegation that the contract was entered into with reference to appellee's separate estate. It was, therefore, error to render judgment against her, but the error did not appear on the face of the record and appellee has adopted appropriate proceedings in order to obtain a correction of the error. *Warner* v. *Hess,* 66 Ark. 113; *Richardson* v. *Matthews, supra.*

But it is contended that appellee's disability of coverture appeared in the record and that her case does not fall within the statute for the reason that the return of the sheriff on the original summons recited service on A. Bird by leaving a copy of the summons "at the usual place of abode of the defendant, A. Bird, with Mrs. Maggie Bird, the wife and a member of the family of said A. Bird, and over the age of 15 years." Even if we could treat the return of the sheriff as a part of the rec-

ord, within the meaning of the statute heretofore quoted, this recital is not sufficient to show that Maggie Bird was a married woman at the time of the execution of the note. The note was executed on April 10, 1908, and the return of the sheriff was dated May 3, 1916. The recital that she was the wife of A. Bird at the time of service of summons did not necessarily imply that she was a married woman when she signed the note. We are of the opinion, however, that the record referred to in the statute means the pleadings, including any exhibits which constitute parts thereof, upon which the original judgment was entered.

The remaining question to be determined is whether or not there was sufficient evidence to warrant a submission of the issues to the jury, and whether or not the court was justified in giving a peremptory instruction. Upon consideration of the evidence we have reached the conclusion that there was such a conflict in the testimony as raised an issue to be submitted to the jury for determination whether appellee signed the note as surety for her husband or as one of the principals. Appellee testified in her own behalf, and her testimony was sufficient to warrant a finding that she signed merely as surety for her husband, but the testimony adduced by appellant was also sufficient to justify a finding that she was engaged in farming herself and executed the note to appellant for supplies to be used in the farming operations which she was conducting.

For the error in giving the peremptory instruction, the judgment is reversed, and the cause remanded for a new trial.