## Ficke et al. v. Board of Trustees of Erlanger Consol. Graded School Dist.

(Decided Jan. 24, 1936.)

M. H. McLEAN for appellants.

SAMUEL W. ADAMS and HARRY RIGGS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant Grace Lee Ficke, is the wife of the other appellant and defendant below,

George Ficke, and she owns and occupies a residence and lot within the boundaries of appellee and plaintiff below, board of trustees of the Erlanger consolidated graded school district, and did so at the times hereinafter stated. They were in default in payment of school taxes due the district for the years 1928, 1929, and 1930, which aggregated $157.50 plus penalties and costs. That was the situation on March 19, 1932, when the school district filed this equity action in the Kenton circuit court against Mrs. Ficke and her husband to foreclose the tax lien upon the property and for a sale of it to satisfy the amount due with penalties and other costs. The defenses interposed were (1) that the property was not within the boundaries of the district, and (2) that the court had no jurisdiction to entertain such an action, since, as defendants contended, the remedy for the collection of the tax, if owing to plaintiff, was by distraint whereby the collecting officer would levy upon the property and sell it in the usual manner of collecting state and county taxes. Plaintiff's response to those defenses was a denial of the first one, and, as to the second one, reliance was had on chapter 69 of the Acts of 1932, p. 360, and which is now section 4476a-1 of the 1933 Supplement to Carroll's Kentucky Statutes. Upon final submission, after evidence heard upon defense 1, the court sustained the prayer of the petition and entered judgment declaring plaintiff a lien upon the property and ordering it sold in satisfaction thereof, but no personal judgment was rendered against defendants, and from that judgment they prosecute this appeal.

In this court defense (1) is abandoned, and in conformity therewith the appeal is prosecuted without bringing the evidence heard upon the issue as to the location of the property within the boundaries of the district. The determination of the court, therefore, on that issue, is accepted by defendants as final, and we are not called upon to review it. The whole contention on this appeal is that the remedy provided by chapter 69, supra, of the Acts of 1932, which purports to give the school district a lien upon the taxed real estate, although such lien existed prior to its enactment under the provisions of section 4021 of our present Statutes, has only a prospective operation, and can be made applicable only to future accruing taxes, and that, since the taxes involved in this case accrued before the enact-

ment of that statute, its provisions are not applicable, and for which reason defense (2) should have prevailed.

It will be perceived that the only new effect of the 1932 act was the creation of the remedy here adopted, and the question presented by defense (2) is: Whether it is competent for the Legislature to prescribe a new remedy that may be invoked in the enforcement of past accruing rights? That it may do so in cases where prior substantive rights of either party are not affected is well settled. Whether or not the Legislature in the enactment of such a remedy purposed giving it a retroactive application is one of interpretation of the act creating the remedy. In this case the intention to do so is clear from the terms of the statute itself, and it is especially shown in its emergency clause (section 2), as well as in its title, the latter of which declares the purpose of the act "to provide additional remedies for the collection of school taxes in said graded common school districts." The emergency clause declares the inadequacy of the present remedies for that purpose, and for which reason the act "shall take effect and be in full force and effect, from and after its passage and approval."

That the Legislature may prescribe new or additional remedies applicable to the enforcement of existing rights was affirmatively declared by us in the case of Bagby v. Champ, 83 Ky. 13, and many other domestic cases following it. The general rule as applicable to the collection of taxes is thus stated in 12 C. J. 1106, sec. 816: "Statutes are not ex post facto merely because they authorize or prescribe more effective procedure for the collection of back taxes, or taxes on omitted property." In volume 61 of the same publication, page 1043, sec. 1358, a part of the text under the subject of "Taxation," the same proposition is repeated in this language: "The procedure for the collection of taxes is generally prescribed and regulated by statute. The legislature, having control of the remedies by which delinquent taxes are to be collected, may modify an existing remedy, abolish it, create a new one, or add a cumulative remedy to those already existing; and, having chosen a constitutional method of collecting taxes, it is beyond the power of a court to compel the adoption of any other method. Where several remedies are provided they are generally deemed cumulative." The

same principle is approved in the text in 26 R. C. L. p. 387, sec. 345, wherein it is said: "Inasmuch as it is within the constitutional power of the Legislature of a state to change the remedies provided by law for the assertion of legal rights and to make such change applicable to existing causes of action, the legislature has the power to change the mode of collecting taxes which have already been assessed at any time before they have been paid or otherwise discharged or released." Further substantiation of the principle is deemed unnecessary, since it is so recognized and applied by all courts and declared by all text-writers on the subject. It is therefore clear that the only defenses actually interposed and the only one argued on this appeal cannot be sustained.

Incidentally, however, another question is presented, and which is whether or not chapter 69, supra, was in effect when this action was filed? The act as published in the Session Acts of 1932 contains an emergency clause, but which is not found in the 1933 Supplement, supra. We have already stated what it contained, and, as published, it appears that the Governor of the commonwealth "neither approved nor disapproved" it. Since the emergency clause provided that the act should take effect after its passage and approval by the Governor and, since it was neither approved nor disapproved, the question might be raised whether it took effect at any time before the expiration of ninety days from the adjournment of that session of the Legislature, as is prescribed by section 55 of our Constitution in the absence of an emergency clause, but, under the provisions of such a clause, it may be provided that the statute may take effect upon the approval of the Governor, who is required under the Constitution to take whatever action he sees proper within ten days after the delivery of the act to him. In this case, as we have seen, he neither approved nor disapproved chapter 69, supra, of the 1932 Acts. If the question was one of first impression, it would seem to inevitably follow that, if the Governor returned the act to the Secretary of State without approval or disapproval, it would take effect as of the date such return was made by him at any time within the ten-day period, since that action on his part was in its essence and effect an approval by him of the act.

However, the direct question was before this court in the case of Louisville Car Wheel & Railway Supply Co. v. City of Louisville, 146 Ky. 573, 142 S. W. 1043, and it was held that the act there involved, which was similarly circumstanced as is that of chapter 69 of the Acts of 1932, took effect as of the date when the Governor neither approved nor disapproved it and returned it to the Secretary of State. Therefore the 1932 act creating the remedy here invoked took effect from the time the Governor returned it to the Secretary of State neither approved nor disapproved. From the Executive Journals required to be preserved in the office of the Secretary of State we learn that the act here involved was delivered by the then Governor, Hon. Ruby Laffoon, to the Secretary of State on March 14, 1932, five days before the filing of this action, and which, as we have seen, was five days after the act became effective. We deem further elaboration of the questions argued unnecessary, except to say that the amount involved ($157.50) does not deprive us of jurisdiction of this appeal, since section 950-1 of our present Statutes confers appellate jurisdiction on this court when the right to the enforcement of a statutory lien on real estate is involved.

Wherefore, for the reasons stated, the judgment is affirmed.